IDA B. CONVERSE *vs.* UNITED SHOE MACHINERY COMPANY
& others.

Suffolk.    March 7, 1904. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Corporation,* Remedy of stockholder.    *Conspiracy.*

A stockholder in a corporation cannot maintain an action at law for an injury done
to the corporation by conspiracy or otherwise.  His remedy is through an action
by the corporation, or, if unable to induce action of the corporation or its offi-
cers for the benefit of the stockholders, then by a suit in equity.

KNOWLTON, C. J.    This is an action at law brought against
the defendant corporation and three other defendants sued per-
sonally, for conspiring to injure and ruin another corporation,
the Goddu Sons Metal Fastening Company, in which the plain-
tiff is a stockholder.

The averments of the declaration are, in substance, that the
three personal defendants " conceived the plan of acquiring, by
purchase or otherwise, the control of said Goddu Sons Metal
Fastening Company and of absorbing its rights, patents and
other property into the said United Shoe Machinery Company,
of which they were officers and directors," and that afterwards,
combining and conspiring with the defendant corporation to
injure the property of the other corporation, they acquired a
majority of the stock of this other corporation and elected them-
selves directors and officers thereof, and as such officers and
directors were guilty of various misfeasances in the control and
management of the corporation, greatly to the injury and damage
thereof and of the plaintiff's share and interest therein.

Each of the defendants demurred to the declaration, and the
case is before us on the plaintiff's appeal from a judgment for
the defendant, founded on an order sustaining the demurrer.
Numerous grounds of demurrer are stated, several of which we
need not consider.

The defendants contend that the declaration is vague and
indefinite, and that it does not set forth with sufficient certainty
the cause of action relied on.    We will not stop to consider this

part of the demurrer, for if it is overruled, there are other particulars in which the case stated fails to show a ground of recovery.   All the wrongs done or intended, set out in the declaration, are wrongs against the corporation in which the plaintiff is a stockholder, and except through the corporation, they have no relation to the plaintiff.   She was not affected by the defendants' conduct, except as every other stockholder was affected.   Against her as an individual there was no conspiracy, and against her as an individual, no wrong was done directly. There is no direct legal privity between her individually or as a stockholder and these defendants.   She has an interest in the corporation, and in the conduct of its officers affecting its property, but this interest in the transactions of the officers is not legal but equitable, and it cannot be made the foundation of an action at law against the officers.

That an action at law cannot be maintained in a case of this kind was clearly shown by Chief Justice Shaw in *Smith* v. *Hurd,* 12 Met. 371.   The plaintiff must find her remedy for such a wrong through a suit by the corporation or through a bill in equity, if she is unable to induce action of the corporation or its officers for the benefit of stockholders.   *Peabody* v. *Flint,* 6 Allen, 52.   *Brewer* v. *Boston Theatre,* 104 Mass. 378.   *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495.   *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580.   *Allen* v. *Curtis,* 26 Conn. 456.   *Conway* v. *Halsey,* 15 Vroom, 462.   *Ritchie* v. *McMullen,* 79 Fed. Rep. 522.

The averment of conspiracy adds nothing in legal effect to the other averments of the declaration.   *Parker* v. *Huntington,* 2 Gray, 124, 127.   *May* v. *Wood,* 172 Mass. 11.

*Judgment affirmed.*

*H. W. Ogden,* for the plaintiff.
*C. A. Hight,* for the defendant.