IDA B. CONVERSE & others *vs.* UNITED SHOE MACHINERY COMPANY & others.

Suffolk.   March 15, 1911. — September 5, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & RUGG, JJ.

*Equity Jurisdiction*, To restrain unlawful acts of officers of a corporation.   *Corporation*, Officers and agents, Rights of stockholders.   *Equity Pleading and Practice*, Parties.

A bill in equity by individual stockholders in a corporation against the corporation, other stockholders and its officers and directors, seeking relief from an alleged wilful breach of duty on the part of the defendants resulting in a sacrifice of the corporation's interests, cannot be maintained unless it appears from the averments of the bill that it is brought, not only on behalf of the plaintiffs as individuals, but either on behalf of the corporation or on behalf of all other stockholders of the corporation who are not plaintiffs or defendants and who may join therein.

MORTON, J.   This is a bill in equity to compel the Shoe Machinery Company and the individual defendants to account for alleged wrongdoing as stockholders in and officers and directors of the Goddu Sons Metal Fastening Company, in the manage-

---

ment and conduct of the business and property of said company. The Goddu Company is made a party defendant. The defendants severally demurred, and the case was thereupon reserved [*] for the full court; if the demurrers are sustained the bill is to be dismissed; if overruled the case is to be remanded to the Superior Court and the defendants are to answer and such other proceedings are to be had as equity may require.

Without reciting the allegations of the bill it is plain, we think, that the bill sets out a wilful breach of duty on the part of the individual defendants as directors and officers of the Goddu Company, and an intentional violation and disregard by them of the obligations resting upon them as such officers and directors, and a sacrifice by them in combination with the United Shoe Machinery Company of the interests of the Goddu Company to promote those of the Shoe Machinery Company. The bill alleges that the plaintiffs have protested to the defendants against their acts and conduct as stockholders, officers and directors of the Goddu Company without avail; that the defendants own a large majority of the stock, and that any further application to them would be futile.

At or about the time that the bill in this suit was filed, an action at law was brought against these defendants based on substantially the same allegations. The defendants demurred and the demurrer was sustained by the full court. The case is reported in 185 Mass. 422.

The bill in the present case is not brought and does not purport to be brought, as we construe it, in behalf of the plaintiffs and such other stockholders as may join, or on behalf of the corporation, but is brought by the plaintiffs to enforce individual rights assumed to belong to them as stockholders, and this constitutes, it seems to us, as the case stands, a fatal defect and renders it necessary to sustain the demurrers. The wrong, if any, was done not to the plaintiffs as individual stockholders but to the corporation, and the remedy must be sought by or on behalf of the corporation. As was said by the present Chief Justice in the former case, " All the wrongs done or intended . . . are wrongs against the corporation . . . and except through the corporation, they have no relation to the plaintiff." *Converse*

---

[*] By *Fessenden, J.*

*v. United Shoe Machinery Co.* 185 Mass. 422, 423, and cases cited.   In order to prevent a failure of justice stockholders are allowed to institute proceedings on behalf of the corporation if neither the corporation nor its officers can be induced to take action.   But such proceedings derive their validity not from wrongs done to the individual stockholders instituting them but from the right of the stockholders to act under the circumstances on behalf of the corporation.   When proceedings are instituted by stockholders in behalf of the corporation, it is necessary that the corporation should be made a party defendant, but we do not think that the fact that the corporation is made a party defendant is enough to show of itself that the proceedings in the present case are prosecuted in behalf of the corporation or of such stockholders as may join in the absence of any allegations in the bill to that effect.   The whole tenor of the bill in the present case shows, we think, that it is brought for the purpose of enabling the plaintiffs to recover individually for damages alleged to have been suffered by them as stockholders in consequence of the wrongful conduct of the defendants as stockholders and officers of the Goddu Company in the management of its business.   That, as we have said, cannot be done.

It sufficiently appears, we think, from the allegations of the bill that an attempt was made to procure redress through the corporation and its officers, and that any further attempt to obtain such redress would have been useless.   We do not indeed understand the defendants to contend to the contrary.   But for the reason that the bill does not appear to be brought on behalf of the corporation, or of such other stockholders, not defendants, as may join, which is in effect the same thing, and seeks to enforce individual rights against the defendants, the demurrers must be sustained and the bill dismissed.*

*So ordered.*

*H. W. Ogden,* for the plaintiffs.
*C. A. Hight,* for the defendants.

---

* Although the bill contained a detailed statement of the number of shares of the capital stock of the Goddu Sons Metal Fastening Company owned by the plaintiffs, it was not averred what proportion of the total shares of the corporation outstanding the plaintiffs' shares comprised, nor was there any averment as to other shares than those owned by the plaintiffs and by the defendants.