CILLEY v. UNITED SHOE MACHINERY CO.

(District Court, D. Massachusetts. January 31, 1913.)

No. 6 (C. C. No. 27).

1. PLEADING (§ 64*)—DUPLICITY—VIOLATION OF ANTI-TRUST ACT.

Since the thing forbidden by Anti-Trust Act July 2, 1890, c. 647, §§ 1, 2, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), may consist of a scheme or an unlawful combination as a whole, a declaration for civil damages authorized by section 7, charging in a single count that defendant was an illegal combination in restraint of trade, etc., and that by reason of conspiracy and monopoly defendant had practically monopolized the entire business of manufacturing shoe machinery in the United States, and had utterly destroyed plaintiff's interstate trade and commerce in such machinery and rendered plaintiff's patents valueless, etc., was not objectionable for duplicity and uncertainty on the theory that each one of the things forbidden in sections 1 and 2 were distinct offenses, and that the declaration should charge such separate offenses in separate counts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. § 64.*]

2. MONOPOLIES (§ 28*)—SHERMAN ACT—VIOLATION—CIVIL DAMAGES—DECLARATION.

A declaration for civil damages for violation of Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), alleged that defendant was, and since its organization had been, an illegal combination in restraint of trade and a monopoly, that each of its leases of machinery, copies of which were annexed, was a contract in restraint of trade and commerce, and that defendant by a created scheme and conspiracy monopolized the entire trade in shoe machinery and had excluded plaintiff from participation therein. It also charged that by reason of such conspiracy and monopoly defendant had prevented, plaintiff from selling shoe machinery covered by plaintiff's patents and had rendered the same valueless, etc. Held, that the complaint was not demurrable for want of facts.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

3. MONOPOLIES (§ 28*)—CIVIL DAMAGES—DECLARATION—INJURY.

The declaration sufficiently alleged injury to plaintiff's business and property by reason of defendant's unlawful acts to withstand a demurrer.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

At Law. Action by Harry E. Cilley against United Shoe Machinery Company. On demurrer to declaration. Overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Everett N. Curtis, of Boston, Mass., for plaintiff.
Coolidge & Hight, of Boston, Mass., for defendant.

COLT, Circuit Judge.   This case is now before the court on demurrer to the declaration.

The case is an action at law brought under section 7 of the act of Congress of July 2, 1890, known as the Anti-Trust Act (26 Stat. 210, c. 647 [U. S. Comp. St. 1901, p. 3202]).

Section 7 reads as follows:

"Sec. 7. Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act may sue therefor in any Circuit Court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

The essential averments in a declaration under this section would appear to be:  (1) That the defendant has done one or more of the things forbidden by the first and second sections of the statute;  (2) that by such action of the defendant the plaintiff has been injured in his business or property; and (3) that damages were sustained.   People's Tobacco Co. v. American Tobacco Co., 170 Fed. 396, 407, 95 C. C. A. 566.

The declaration in the case at bar is limited to a single count in a narrative form.   It comprises 13 printed pages, and with the attached exhibits some 69 printed pages.   Both the briefs of counsel contain an accurate summary of the declaration, which may be stated as follows:

It alleges in detail the establishment of the shoe machinery business of the plaintiff at Boston in 1893, his engaging thereafter in interstate commerce, his building up of the business, his procuring of patents and the construction of shoe machines thereunder, the expenditure of nearly $100,000 to develop the business, the profits of the business immediately prior to the alleged wrongful acts of the defendant and the entire loss of profits thereafter, a list of the customers with whom he had done business and persons with whom he was negotiating for further business, the trade conditions prior to the organization of the defendant company, the illegal combination and conspiracy of its promoters, the organization of the company, its acquisition of competing concerns, its utilization of leases and licenses as an instrumentality to create an illegal monopoly and combination (the general forms of leases and licenses being set forth verbatim in an exhibit), the effect of these leases and licenses in excluding the plaintiff from the market, the attempt through the leases and licenses to extend the scope and operation of the defendant company's patents, the superior merit and efficiency of the plaintiff's line of shoe machinery, the threats of the officers of the defendant company to the plaintiff made in pursuance of its scheme to monopolize, the destruction of the established business and interstate commerce of the plaintiff, the diversion of his customers, the destruction of the value of his patent interests, and other injuries to his business and property.

In the two final paragraphs of the declaration the plaintiff thus sums up his cause of action and the damages alleged:

"13. Accordingly, the plaintiff says that the defendant is and has been since its organization an illegal combination in restraint of trade and a monopoly existing wrongfully and in violation of the act of Congress of July 2, 1890, chapter 647, commonly known as the Sherman Act; that each and every one of the leases, copies of which are hereto annexed, is a contract in restraint of trade and commerce among the several states and with foreign nations, in that the effect has been to prevent practically all of the shoe manufacturers in the United States from purchasing, leasing, or otherwise acquiring or obtaining in any of the states of the United States or in any foreign market or elsewhere, except from the defendant shoe machinery and mechanisms; that said group or system of leases which the defendant has required and secured to be signed by nearly all the shoe manufacturers in the United States have created and now maintain a conspiracy and combination in restraint of trade and commerce among the several states and with foreign nations, to which the defendant and all its acquired concerns and companies are parties, whereby the defendant has monopolized and now monopolizes substantially the entire trade and commerce in shoe machinery and mechanisms among the several states and with foreign nations and suppresses all competition therein, and has entirely excluded the plaintiff from participation in such trade and commerce; that said leases are essential parts of an illegal scheme, combination, and conspiracy in restraint of trade and commerce, and have been utilized by the defendant as an important instrumentality in creating and supporting its illegal monopoly in the business of dealing in and with shoe machinery and mechanisms.

"14. That through and by reason of the said conspiracy and monopoly acquired by the defendant company of practically the entire business of manufacturing shoe machinery throughout the United States the plaintiff has been prevented from selling shoe machinery manufactured by him, including machines covered by said patents relating thereto enumerated in paragraph 1 to the manufacturers included in Exhibit A and to the other shoe manufacturers in the various states of the United States, and by means of each and all acts done by the defendant in pursuance of said monopoly the defendant has utterly destroyed the interstate trade and commerce of the plaintiff with said shoe manufacturers by the loss of many orders and customers directly resulting therefrom, the interests of the plaintiff in the aforesaid patents enumerated in paragraph 1 have been rendered valueless, and the plaintiff has otherwise been greatly injured in his business and property by reason of said monopoly and the acts of the defendant done in pursuance thereof, and to carry the same into effect, which are declared to be unlawful by the aforesaid act of Congress of July 2, 1890, chapter 647, to the amount of three hundred thousand ($300,000) dollars, to recover threefold which damages and costs of suit, including a reasonable attorney's fee under section 7 of said act, this suit is brought."

The several grounds of demurrer may be grouped under three heads:

(1) That the declaration is bad for duplicity and uncertainty.

(2) That the declaration fails to set forth with substantial certainty substantive facts showing that the defendant has been guilty of anything forbidden or declared to be unlawful by the Anti-Trust Act.

(3) That the declaration fails to show that the plaintiff has been injured in his business or property by reason of anything forbidden or declared to be unlawful by this act.

[1] 1. With respect to the first ground of demurrer, it is by no means clear under the recent decisions of the Supreme Court that this declaration is bad for duplicity and uncertainty.

In the construction of this statute the Supreme Court has held that the thing forbidden by the statute may reside in the scheme or combi-

nation considered as a whole.   In Swift v. United States, 196 U. S. 375, 396, 25 Sup. Ct. 276, 279 (49 L. Ed. 518), the court said:

"The scheme as a whole seems to us to be within reach of the law.   The constituent elements, as we have stated them, are enough to give to the scheme a body, and, for all that we can say, to accomplish it.   Moreover, whatever we may think of them separately when we take them up as distinct charges, they are alleged sufficiently as elements of the scheme.   It is suggested that the several acts charged are lawful and that intent can make no difference. But they are bound together as the parts of a single plan.   The plan may make the parts unlawful."

Again, in United States v. American Tobacco Co., 221 U. S. 106, 184, 31 Sup. Ct. 632, 650 (55 L. Ed. 663), the court said:

"Our conclusion being that the combination as a whole, involving all its co-operating or associated parts, in whatever form clothed, constitutes a restraint of trade within the first section, and an attempt to monopolize or a monopolization within the second section of the Anti-Trust Act, it follows," etc.

The defendant's theory of this case is that each one of the things forbidden by sections 1 and 2 are distinct offenses, and that in a civil action brought under section 7 the declaration should charge these separate offenses in separate counts.   This theory does not accord with the view taken by the Supreme Court that the thing forbidden by the act may consist of "the scheme as a whole" or "the combination as a whole."   Under this construction of the statute it is plain that the separate elements considered by themselves may not be illegal, and yet that the scheme or combination as a whole may be.

The declaration in this case is founded upon the theory that under section 7 the thing "forbidden or declared to be unlawful by this act" may reside in the scheme or combination as a whole, and under the decisions of the Supreme Court I am not prepared to rule that a declaration so framed is void for duplicity and uncertainty.

[2] 2. With respect to the second ground of demurrer, I am not convinced, assuming the truth of all the allegations which are well pleaded, that the declaration does not sufficiently set forth a scheme or combination in restraint of trade within the meaning of sections 1 and 2 of the Sherman Act as construed by the Supreme Court.   Since, then, it does not clearly appear that the declaration does not set forth a cause of action, this ground of demurrer should be overruled.

[3] 3. With respect to the third ground of demurrer, I am of the opinion, upon an examination of the declaration, that the allegations therein respecting injuries to the plaintiff's business and property by reason of the defendant's unlawful acts are a sufficient compliance with the statute.

Upon the whole, and notwithstanding that the questions here raised cannot be said to be fully settled or free from doubt, I do not think this demurrer should be sustained.

It is a familiar rule on demurrer that every doubt should be resolved in favor of the plaintiff, and hence a demurrer should not be sustained unless the court is fully satisfied that some of the grounds are well founded.

Demurrer overruled.