## STROUT v. UNITED SHOE MACHINERY CO. et al.

### (District Court, D. Massachusetts. January 31, 1913.)

### No. 203 (C. C. No. 855).

1. MONOPOLIES (§ 28*)—ANTI-TRUST ACT—VIOLATION—DECLARATION.

A declaration for civil damages for violating Anti-Trust Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), alleged that complainant trustee had succeeded to all the rights of a metal shoe fastening company owning patents on shoe machinery, which it was incorporated to manufacture and sell to the trade, that defendant shoe machinery company was organized and continued to exist to maintain a monopoly of the shoe machinery business, that it had acquired such monopoly, and, having obtained a majority of the stock of plaintiff's corporation, refused to permit it to do business in order to prevent competition with other machines controlled by it, permitted the corporation's property to remain idle and become wasted until the patents were about to expire and had become practically worthless, and that the corporation had been greatly injured in its business by reason thereof. *Held* to state a sufficient cause of action to withstand a demurrer.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

2. PLEADING (§ 64*)—DUPLICITY—VIOLATION OF ANTI-TRUST ACT.

Since the thing forbidden by Anti-Trust Act July 2, 1890, c. 647, §§ 1, 2, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), may consist of a scheme as a whole or an unlawful combination as a whole, a declaration for civil damages authorized by section 7, charging in a single count that defendant was an illegal combination in restraint of trade, etc., and that by reason of conspiracy and monopoly defendant had practically monopolized the entire business of manufacturing shoe machinery in the United States, and had utterly destroyed plaintiff's interstate trade and commerce in such machinery, and rendered plaintiff's patents valueless, etc., was not objectionable for duplicity and uncertainty, on the theory that each one of the things forbidden in sections 1 and 2 were distinct offenses, and that the declaration should charge such separate offenses in separate counts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. § 64.*]

At Law. Action by Charles A. Strout, trustee, against the United Shoe Machinery Company and others. On demurrer to declaration. Overruled.

See, also, 195 Fed. 313.

Whipple, Sears & Ogden and Dunbar & Rackemann, all of Boston, Mass., for plaintiff.

Coolidge & Hight, of Boston, Mass., for defendants.

COLT, Circuit Judge. This is an action at law, brought under section 7 of the Anti-Trust Act of July 2, 1890 (26 Stat. 210, c. 647 [U. S. Comp. St. 1901, p. 3202]); and the case was heard on demurrer to the declaration. Section 7 reads as follows:

"Sec. 7. Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act may sue therefor in any Circuit Court of the United States in the district in which the defendant resides or is found, without re-

spect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

The material averments in the declaration may be thus summarized:

The declaration alleges in substance that the plaintiff is trustee of the Goddu Sons Metal Fastening Company, duly appointed by the Supreme Judicial Court of Maine in proceedings for the dissolution of that corporation; that as such trustee he holds title to all property and rights of action of the Goddu Sons Metal Fastening Company; that the Goddu Sons Metal Fastening Company, after its organization in 1897, acquired certain patents pertaining to shoe machinery, and that it made preparations to place upon the market machines constructed under its patents, and spent a considerable sum in advertising; that it constructed machines ready for sale or lease; that a number of shoe manufacturers were desirous of using these machines upon terms beneficial to the company; that the company was prepared and intended to engage in trade and commerce, and to do a large and profitable business in shoe machinery among the several states and with foreign nations; that the defendant the United Shoe Machinery Company was organized in 1899, for the purpose of acquiring by legal and illegal means certain companies engaged in manufacturing and dealing in shoe machinery, and of driving out of business other companies or concerns engaged in that business, and of preventing other companies or concerns from entering into that business, thereby suppressing and preventing competition and acquiring and maintaining a monopoly of the shoe machinery business, and that it has acquired and now maintains a practical monopoly of that business; that the defendants Winslow, Brown, and Hurd are, and have been since the organization of the United Shoe Machinery Company, officers and directors and members of the executive committee of that corporation, exercising management and control of its business affairs; that in pursuance of the plan to suppress and eliminate competition, and to support and protect the monopoly of the United Shoe Machinery Company, the individual defendants, or some of them, entered into negotiations with certain of the stockholders of the Goddu Sons Metal Fastening Company for the purchase of their stock, and that as a result of these negotiations the United Shoe Machinery Company acquired a majority of the stock and the control and management of the Goddu Sons Metal Fastening Company; that in pursuance of its plan to eliminate competition, and to support and protect its monopoly, the United Shoe Machinery Company caused its president, the defendant Winslow, to be elected president of the Goddu Sons Metal Fastening Company, its own treasurer, the defendant Brown, to be elected treasurer of the Goddu Sons Metal Fastening Company, and a part of its own directors, including the defendant Hurd, to be elected as the entire board of directors of the Goddu Sons Metal Fastening Company; that the persons so elected have ever since been continued in their respective offices by means of the stock control exercised by the United Shoe Machinery Company; that the control thus acquired by the United Shoe Machinery Com-

pany has been exercised, not for the purpose of carrying on and developing the business for which the Goddu Sons Metal Fastening Company was organized, but for the purpose of preventing that company from doing business, thereby preventing and destroying its competition, and protecting and supporting the monopoly of the United Shoe Machinery Company; that the officers of the Goddu Sons Metal Fastening Company, in pursuance of the plan and purpose of the United Shoe Machinery Company, have continuously declined to cause the Goddu Sons Metal Fastening Company to make any use of its patents and patent rights, or to permit it to do any business; that the assets of the Goddu Sons Metal Fastening Company have thus remained idle and have become wasted, and that its patents are now about to expire and have become practically worthless; that the United Shoe Machinery Company and the individual defendants have thus accomplished their purpose of destroying the competition of the Goddu Sons Metal Fastening Company, and of sustaining the monopoly of the United Shoe Machinery Company; that the Goddu Sons Metal Fastening Company has been greatly injured in its business and property; and that the plaintiff is entitled, under the Sherman Anti-Trust Act, to recover threefold damages, costs of suit, and a reasonable attorney's fee.

[1] It is sufficient to state the main ground of demurrer upon which the defendant relies in its brief and oral argument:

"The declaration fails to set forth with substantial certainty substantive facts constituting a cause of action against the defendants under the Sherman Anti-Trust Act."

Upon a careful reading of this declaration, and admitting, as the demurrer does admit, the truth of the material allegations contained therein, I am not prepared to hold that the defendant fails to state a cause of action under the Sherman Anti-Trust Act.

[2] The main argument of the defendant in this case is the same as was advanced in Cilley v. United Shoe Machinery Company, 202 Fed. 598, namely, that the Sherman Act forbids six or seven distinct and separate things, and that in an action brought under section 7 the declaration should set forth in one or more counts the separate thing or things declared to be unlawful by the act.

As was said in the opinion in the Cilley Case, this is not the construction given to the first and second sections of the act by the Supreme Court. Swift v. United States, 196 U. S. 375, 396, 25 Sup. Ct. 276, 49 L. Ed. 518; United States v. American Tobacco Co., 221 U. S. 106, 184, 31 Sup. Ct. 632, 55 L. Ed. 663. Under these decisions it cannot be said with confidence that a declaration under section 7 may not state, in a narrative form, a scheme, or plan, or combination, which, as a whole, may constitute an unreasonable or undue restraint of trade within the meaning of the act.

In the case at bar I am not prepared to say that the declaration does not state sufficient facts which, if proved, would show a plan or combination in restraint of trade within the meaning of the act.

Demurrer overruled.