## STROUT v. UNITED SHOE MACHINERY CO. et al.

(District Court, D. Massachusetts. September 15, 1913.)

No. 203.

1. PLEADING (§ 180*)—INCONSISTENT ALLEGATIONS—EFFECT.

Where, in a suit by a substituted trustee of a corporation to recover damages alleged to have resulted to the corporation's business from a secret conspiracy by defendants in alleged violation of the anti-trust act, plaintiff described himself as trustee of the corporation, and alleged that he had been appointed substituted trustee in a proceeding in Maine for the dissolution of the corporation, and that the decree vested in his predecessor all the corporation's choses in action, property, etc., and that he had succeeded thereto, and had received authority to collect all debts and claims due the corporation, his denial in a replication that the corporation or its officers, after the decree had been entered, were without control of the corporation's affairs or management, was inconsistent with the allegations of his declaration, and no force could be given thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 358–384; Dec. Dig. § 180.*]

2. CORPORATIONS (§ 619*)—ACTS AFTER DISSOLUTION—LIABILITY OF OFFICERS TO TRUSTEE.

Where a trustee was appointed for a corporation in dissolution proceedings February 17, 1905, and a substituted trustee thereafter sued

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendants, who controlled the corporation, for alleged injuries to its business. charging that they so managed the corporation as to destroy its competition with another corporation, and refused to permit use of patents owned by plaintiff's company, or permit it to do business, plaintiff could not recover for any of such alleged acts committed after the date of the appointment of a trustee, since from that time defendants were not in control of the company.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2459, 2460; Dec. Dig. § 619.*]

**3.** LIMITATION OF ACTIONS (§ 34*)—DISSOLUTION OF CORPORATION—ACTION BY TRUSTEE.

A trustee of a corporation, appointed in dissolution proceedings, could not recover damages alleged to have resulted to its business from a conspiracy of those previously in control, preventing the corporation from doing business and using its patents, where the acts charged were committed more than six years prior to the date of the writ.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 151–157; Dec. Dig. § 34.*]

**4.** LIMITATION OF ACTIONS (§ 192*)—REPLY—FRAUDULENT CONCEALMENT.

Where plaintiff alleges fraudulent concealment in reply to a defense of limitations, it is not sufficient to allege generally that defendants fraudulently concealed the cause of action, but the fraud whereby such concealment was effected must be specified; nor will specific allegations of frauds or falsehoods by the defendants suffice, unless concealment of the cause of action would necessarily follow from them.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 699–702; Dec. Dig. § 192.*]

**5.** LIMITATION OF ACTIONS (§ 192*)—PLEADING—FRAUDULENT CONCEALMENT.

Plaintiff, in alleging fraudulent concealment in reply to a defense of limitations, must specify the date and circumstances of his discovery of the cause of action, and show that, though he exercised reasonable diligence, he was unable to discover it sooner.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 699–702; Dec. Dig. § 192.*]

**6.** LIMITATION OF ACTIONS (§ 192*)—FRAUDULENT CONCEALMENT—PLEADING.

Where, in an action by a substituted trustee of a corporation, appointed in dissolution proceedings, against those previously in control of the company for damages, due to defendants' acts, which were alleged to constitute an unlawful restraint of trade only, defendants pleaded limitations, and there was nothing to show a fiduciary relation between defendants and plaintiff, or his predecessor, requiring a disclosure of the facts, nor any breach of trust alleged as a basis of the action, there was nothing to relieve plaintiff from the obligation of specifying the fraud in a reply alleging fraudulent concealment of the cause of action; and hence a reply merely alleging that defendants fraudulently concealed the cause of action from plaintiff and his predecessor was insufficient.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 699–702; Dec. Dig. § 192.*]

**7.** LIMITATION OF ACTIONS (§ 104*)—CAUSE OF ACTION—ACCRUAL—FRAUDULENT CONCEALMENT.

If defendants, having secured control of the G. Company by buying a majority of its stock, elected officers or directors of their own choosing, including the three individual defendants to form the G. Company's entire board of directors, and continued them in office at successive elections, stopping the G. Company's business, and enforcing the disuse of its patents in order to prevent its competition with another concern in which they were interested, such acts, not having been done in secret,

were incapable of alleged fraudulent concealment, so as to entitle the G. Company's trustee, in dissolution proceedings, to recover damages after limitations had run, on the ground that the acts had been fraudulently concealed by the defendants, and that the trustee had acquired knowledge thereof within the period limited.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 511-513; Dec. Dig. § 104.*]

8. PLEADING (§ 360*)—AVOIDANCE—FRAUDULENT CONCEALMENT—NOTICE—REPORTS OF DECIDED CASES.

Where, in a suit by a corporation's trustee in dissolution proceedings to recover damages against defendants for an alleged unlawful restraint of trade in managing the corporation, defendants pleaded limitations, and plaintiff replied that the cause of action had been fraudulently concealed by defendants, reports of decided cases involving the matters in controversy could not be resorted to, on a motion to strike the replication, as showing that defendants' alleged acts were matters of public record, which they had no power to conceal.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129-1146; Dec. Dig. § 360.*]

At Law. Action by Charles A. Strout, as substituted trustee of the Goddu Company, against the United Shoe Machinery Company and others. On motion to strike out amendment to special replication, and on demurrer to such replication. Judgment for defendants.

Whipple, Sears & Ogden and Dunbar & Rackemann, all of Boston, Mass., for complainant.

Coolidge & Hight, W. H. Coolidge, C. A. Hight, and Charles F. Choate, Jr., all of Boston, Mass., for defendants.

DODGE, Circuit Judge. The plaintiff's writ is dated September 8, 1911. A motion to dismiss was denied, and a plea in abatement overruled, March 30, 1912. 195 Fed. 313. The declaration was amended, and a demurrer to the amended declaration overruled, January 31, 1913. 202 Fed. 602. The opinion then filed explains the nature of the case and summarizes the allegations of the amended declaration then material.

On March 4, 1913, the defendants answered the amended declaration. Besides a denial of each and every allegation, their answer contains, among others, affirmative allegations in substance as follows:

The cause of action declared on did not accrue within six years before the suing out of the plaintiff's writ.

The action was not commenced within six years next after the cause of action accrued.

The company whereof the plaintiff is trustee was dissolved and its charter terminated by decree of the Maine Supreme Court entered February 17, 1905, in equity proceedings under Maine statutes, providing for voluntary dissolution of corporations; a trustee was on that day appointed to wind up its affairs according to said statutes; and from that day until the present time, and for more than six years prior to the bringing of this suit, the entire control and management of its affairs was in said court, and the defendants have not had, nor could have, anything to do therewith. The cause of action accrued before February 17, 1905, and not within six years prior to the suing out of the writ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On March 26, 1913, the defendants moved that the plaintiff be required to reply to the new matter thus set up in avoidance of the action. This motion was based on the provisions of Rev. Laws Mass. c. 173, § 31. It was allowed April 3, 1913.

In a "special replication," filed April 5, 1913, the plaintiff admitted:

"That on said date, February 17, 1905, a trustee was appointed, as provided by the statutes of the state of Maine, to wind up the affairs of the corporation"

—and denied all the remaining allegations above summarized from the answer.

On April 10, 1913, the defendants demurred to this special replication, assigning causes of demurrer below considered.

On April 12, 1913, the plaintiff moved to strike out this demurrer, for the alleged reasons that the replication is in exact compliance with the motion to require it, and the statute whereon the same was based; it contains no new allegations not contained in the amended declaration, and can therefore raise no new issue not open on demurrer to the declaration; it does not in fact raise any such new issue; Rev. Laws Mass. c. 173, § 31, was not intended to enable a defendant, by an order requiring a replication, to continue to file dilatory pleadings preventing the plaintiff from proceeding to trial. This motion was denied April 28, 1913.

On May 3, 1913, the special replication was amended by adding thereto the following:

"The plaintiff further says that the defendants and each of them (in pursuance of the plan and conspiracy set forth in his amended declaration) fraudulently concealed the cause of action set forth in said amended declaration from the knowledge of the trustee appointed on February 17, 1905, as aforesaid, and that said trustee did not, prior to six years before the commencement of this action, or for some time thereafter, discover said cause of action."

On May 16, 1913, the defendants moved (leave to do so having been reserved to them when the above amendment was allowed) to strike out the amendment on the ground that it is manifestly false and sham pleading. In their motion they alleged, among other things:

That it is manifest on the face of the record that the cause of action and the matters and things complained of in the declaration could not be concealed by the defendants, not being within their control or secret knowledge, but being matters of record or of common knowledge, presumed to have been known by the trustee, of which he had means of discovery, and must have discovered if he exercised due diligence.

That it is of public record and general knowledge that the claims whereon the cause of action is based have been litigated in the Massachusetts courts for more than ten years before this suit was begun. (Certain Massachusetts decisions were here cited.)

That the plaintiff ought not to be allowed to evade the question raised under the statute of limitations by their demurrer to the replication, by thus amending said replication.

On May 16, 1913, the defendants also demurred to the replication as amended, assigning the grounds assigned in their demurrer to the

original replication, with others. These grounds are now, after a hearing had, to be considered.

[1] The plaintiff's denials, in his replication, of the defendants' allegations that the Goddu Company, whereof he is trustee, was dissolved and its charter terminated by the decree of the Maine court, and that from and after the date of that decree the entire control and management of the company's affairs was with the Maine court, and not with the defendants, and that the defendants neither had nor could have any control or management of said affairs after said date, seem to me wholly inconsistent with his own allegations elsewhere regarding the decree referred to and its effect, as well as with his admission above quoted from his replication.

In his writ the plaintiff describes himself as trustee of the company. In his declaration he says he is successor as trustee to Whitehouse, appointed trustee by the Maine court's decree of February 17, 1905, "in a proceeding in equity *for the dissolution of said corporation* and the appointment of a trustee to wind up its affairs in accordance with the statutes of Maine in such case made and provided." In the same declaration he further says that the decree vested in said Whitehouse, as statutory successor and quasi assignee of the company, all its property, debts, claims, and choses in action; also that by Whitehouse's resignation, and his own appointment in Whitehouse's place by the same court, he had succeeded to Whitehouse in title to all the company's property and rights of action; and in the same declaration he says he has been duly appointed by the same court to collect all debts and claims due the company, and to take possession of all its property, of every name and nature.

The Maine statutes here referred to, the proceedings under them in the Maine court, and the effect of these proceedings have been considered in the opinion dated March 30, 1912, upon the plea in abatement and motion to dismiss in this case. 195 Fed. 313. It was there held, in the plaintiff's favor, that the trustee appointed in 1905 had capacity to bring this suit, because his appointment vested him, by operation of law, with the title of the dissolved corporation (195 Fed. 321, 322), and that his power to sue was unaffected by the limit of three years during which the statutes allowed the corporate existence of the company to continue, for certain limited purposes, after its final dissolution by the decree entered February 17, 1905.

[2, 3] Having admitted as above, as well as having alleged it on his own behalf, that a trustee was appointed by that decree under the statutes mentioned to wind up the dissolved company's affairs, I am unable to see how any effect can be given to any denial by the plaintiff that the company or its officers were, after the decree had been entered, without control of its affairs or management. The record shows that these statements were not open to denial by him. No denial such as the plaintiff now attempts can stand with his own allegations and admissions. I am obliged to consider it clear as matter of law upon the record that no act complained of by him as unlawful, and as having injured the Goddu Company in its business or property,

could have been done by the defendants after February 17, 1905. The mere existence of the alleged combination or conspiracy, however long continued, could not have injured that company's business or property, nor has the plaintiff said that its business or property were thus injured. Acts which the defendants had planned to do, as part of their alleged combination or conspiracy, must have been done by the defendants, and must have caused the injuries complained of, if recovery for them is to be had under the Anti-Trust Act. The injuries complained of are (1) waste of the Goddu Company's assets by enforced disuse, and (2) loss through such disuse of the value of its patents, etc., until they were about to expire. The defendants' acts alleged to have inflicted these injuries are (1) so managing the Goddu Company as to prevent or destroy its competition with the defendant United Shoe Machinery Company, instead of carrying on and developing its own business, and (2) refusing to cause it to use its own patents or let it do any business. Only while the defendants held their alleged control of the Goddu Company, could they have done any of these acts. Only while it was capable of doing business, could its business have been injured by such acts. The declaration alleges that the acts were done by virtue of the same alleged control, without which allegation, indeed, it would not have made the acts appear as unlawful under the statute. That none of the acts referred to could have been done after title and possession of all the Goddu Company's property, of every kind, had passed from it to a trustee, in dissolution proceedings of the kind alleged and admitted as above, and that the defendants' alleged control of the company was of necessity ended by such appointment, as well as its capacity to do business capable of injury by them, I must regard as obvious. If so, no injury for which the company or its trustee can recover can have been done to it within six years prior to the date of the writ. The demurrer to the replication, so far as it rests on the grounds numbered 8–12, inclusive, is therefore sustained.

The amendment to the replication is an attempt to avert the above conclusion by setting up that the trustee under the appointment made February 17, 1905 (or his successor, the plaintiff), did not find out that any cause of action existed prior to that time; the same having been fraudulently concealed by the defendants, and not discovered by the trustee until within six years before the date of the writ.

[4] A plaintiff who, in reply to a defense setting up the statute of limitations, alleges fraudulent concealment of a cause of action by the defendant, is required to specify the fraud whereby such concealment was effected. It is not sufficient to allege generally that the defendant fraudulently concealed the cause of action, without further specification. This is one of the cases wherein a general allegation of fraud is not enough. Nor will specific allegations of frauds or falsehoods by the defendant suffice, unless concealment of the cause of action would necessarily follow from them. Wood v. Carpenter, 101 U. S. 135, 139, 25 L. Ed. 807.

[5] A plaintiff, answering such a defense, is also required to speci-

fy the date and circumstances of his discovery of the cause of action, and his allegations must show that he exercised reasonable diligence, yet was unable to discover it earlier. Wood v. Carpenter, 101 U. S. 135, 140, 25 L. Ed. 807; Hardt v. Heidweyer, 152 U. S. 547, 559, 560, 14 Sup. Ct. 671, 38 L. Ed. 548.

[6] No such specifications are found in the plaintiff's replication as amended. The amendment amounts to no more than a bare allegation that the defendants fraudulently concealed the cause of action from him or his predecessor. No attempt is made in it to comply with either of the above requirements, nor does the bracketed clause, asserting the concealment to have been "in pursuance of the plan of conspiracy set forth," in the declaration, do anything toward supplying what is deficient. The plaintiff says that, because he had alleged three of the defendants to have been officers of the Goddu Company when the acts claimed to have injured that company were done, the above requirements do not apply. It is true that, when the cause of action is fraud or breach of trust, secret in its nature, and there are fiduciary relations requiring disclosure by the defendants, fraudulent concealment of the cause of action may appear from the transaction itself, sufficiently for the purpose of preventing the statutory limitation from beginning to run. But this plaintiff has not made the defendants' acts complained of appear to have been secret in their nature, or such that their existence could not be readily ascertained; nor has he made it appear that any fiduciary relations requiring disclosure existed between himself or his predecessor and the defendants. Nor, if he had made these things appear, has he based his claim upon fraud or breach of trust. His cause of action is unlawful restraint of trade only. There is nothing, therefore, which relieves him from specifying as ordinarily required, if he undertakes to assert fraudulent concealment of the cause of action in order to escape the statute of limitations, and I must sustain the demurrer so far as it rests on the grounds numbered 7a–7e, inclusive.

[7] The defendants contend that all the acts complained of in the declaration as having injured the Goddu Company's business or property appear from the declaration itself to have been incapable of concealment, and that the amendment to the replication therefore makes the replication inconsistent with the declaration itself. In this I am obliged to think they are right. If their control of the Goddu Company was acquired by buying a majority of its stock after negotiations with certain of its stockholders who owned it, if they thereupon elected officers or directors of the defendant Shoe Machinery Company, including the three individual defendants, to form the entire board of directors of the Goddu Company, and continued them in office at successive elections, and if they stopped the Goddu Company's business and enforced disuse of its patents by exercising the control thus acquired, the supposition that these doings might have been fraudulently concealed does not seem to me entitled to serious consideration. The declaration does not allege that these things

were done in secret, and, as has appeared, the later allegation that they were fraudulently concealed is unsupported by specifications. The plaintiff says that these acts were made unlawful by the purpose of the defendants, in combination, to do the above acts in restraint of trade, and that this purpose, if not disclosed to the trustee, was fraudulently concealed. No doubt it may be assumed that such a purpose, apart from the acts done, would not be disclosed; but, except so far as its existence is established by the alleged acts done, I do not see how it could have afforded this plaintiff any cause of action. The demurrer is sustained so far as it rests upon the ground numbered 7f.

The defendants contend that the amended declaration must be taken to have fully and finally set forth the cause of action, and that, when the plaintiff undertakes to say in his amended replication that the cause of action was fraudulently concealed "in pursuance of the plan and conspiracy" described in the declaration, he so modifies or adds to the description there given as to present a cause of action different in some respects from that therein stated. The defendants contend that nothing of this kind can be done in a replication, that the attempt to do it constitutes a "departure" in pleading, and of itself makes the replication bad on demurrer. If the allegation referred to must be understood as setting up another act, planned as part of the combination or conspiracy complained of, and thereafter done by the defendants to the Goddu Company's injury, I think their contention right, and sustain their demurrer on the grounds, numbered 3–6, inclusive. If the words quoted need not be so understood, and the declaration seems to me so framed as to leave this subject to some doubt, they are without importance upon the questions raised by this demurrer.

[8] The defendants' motion to strike out the amendment to the replication is based in part upon grounds already considered in dealing with their demurrer. It is also based upon allegations that the facts found or recited in Converse et al. v. United Shoe Machinery Co., 185 Mass. 422, 70 N. E. 444, and 209 Mass. 539, 95 N. E. 929, show the existence of the claims upon which the cause of action in this case is based to have been matters of public record, not within the defendants' power to conceal, of which the trustee had ample means of knowledge, and which he could not have failed to know had he exercised due diligence. Although it appears from the above reports of these cases that the first case was decided in 1904, and was brought against the defendants here by minority stockholders of the Goddu Company, for injury to their interest therein, alleged to have been done by the defendants while in control of that company, acquired by conspiracy to obtain such control, also that the second suit, decided in September, 1911, was brought by the same minority stockholders in equity, against the same defendants and the Goddu Company, to redress the same alleged injuries, and upon the claim that the defendants attempted to create a monopoly, I am not satisfied that the reports cited can properly be resorted to, upon a motion of this kind, for the purpose of establishing the conclusion for which the defendants contend. Having sustained the

demurrer to the amended replication, I shall deny the motion to strike out the amendment.

If the demurrer has been rightly sustained, the defense that the suit is barred by the statute of limitations has not been met. Judgment is therefore to be entered for the defendants.