JOHN HAYDEN & another *vs.* PERFECTION COOLER COMPANY & others.

Suffolk.     January 5, 1917. — June 30, 1917.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Minority stockholder's bill. *Corporation,* Rights of minority stockholder. *Equity Pleading and Practice,* Bill, Amendment.

A suit in equity cannot be maintained by minority stockholders in a corporation against corporate officers and the corporation for the redress of individual wrongs of the plaintiffs, but such bill only can be maintained for the benefit of the corporation and for the redress of wrongs done by its officers to it.

An allegation in a bill in equity by minority stockholders in a corporation against the corporation and the controlling officers that the suit is brought by the plaintiffs "on behalf of themselves and all other shareholders of said . . . corporation who shall come in and contribute to the expenses of this suit" is not a sufficient allegation that the suit is brought for the benefit of the corporation.

In this case leave was given to the plaintiffs under St. 1913, c. 716, § 3, to amend the bill to overcome the defect above described.

On a demurrer to a minority stockholders' bill in equity against the officers of the corporation and the corporation wherein the plaintiffs sought relief from acts of fraudulent conversion, waste and dissipation of corporate assets and other wrongdoing to the corporation, allegations that "it is useless to request the corporation to take action because the board of directors consist of the persons named" as defendant "officers and directors," and, as to each of several specific wrongful acts described, that such acts were committed by the "officers or directors or some of them," were *held* not to set forth an adequate reason for a failure of the plaintiffs to ask the corporation's board of directors to institute remedial proceedings for its protection, because such allegations were consistent with the wrongful acts being of a minority of the board of directors only, while a majority remained faithful and honest but ignorant of the wrongful conduct of their associates, so that, since no intendment could be made in favor of the bill, it was not sufficiently alleged that it would have been an idle form to seek remedial action by the board.

In the same bill two paragraphs contained allegations of acts done in fraud of the corporation by four of the five directors, naming them, and it was *held* that such allegations stated an adequate reason for the plaintiffs' not seeking to have the board of directors act in the corporation's behalf, so that as to those paragraphs the demurrer was overruled.

BILL IN EQUITY, filed in the Superior Court on October 7, 1914, and afterwards amended by the filing of a substitute bill, by two stockholders who alleged that they brought the suit "on behalf of themselves and all other shareholders of" the defendant "corporation who shall come in and contribute to the expense of this suit," against the Perfection Cooler Company, a Maine corporation with a usual place of business in the town of Stoughton in this Commonwealth, and five individuals alleged to be officers and directors of that corporation, and the wife of one of the five, it being alleged that the six individual defendants "control the outstanding stock of the" corporation, and that, as "such they or some of them exercising control and having the active management of the business, have fraudulently and unlawfully authorized and directed and done the matters hereinafter set forth and complained of as appears herein; the defendant corporation is now and for a long time has been under the control and manipulation of said officers and directors or some of them, as aforesaid, who are endeavoring, as hereinafter set forth, to fraudulently and unlawfully bring about the ruin of said defendant corporation, and large sums of money have been fraudulently and unlawfully made therefrom by such officers and directors to the great loss and injury to the defendant corporation and to the plaintiffs and other minority shareholder as hereinafter will appear."

Other material allegations of the bill are described in the opinion.

The defendants demurred to the bill. The demurrer was heard by *Fessenden,* J., and was overruled, and the case was reported to this court for determination on the bill as amended and the demurrer.

The case was submitted on briefs.

*H. Parker, G. A. Parker & W. C. Towne,* for the defendants.

*J. A. Tirrell,* for the plaintiffs.

RUGG, C. J. This is a suit in equity by minority stockholders in the Perfection Cooler Company against that corporation and six individuals alleged to be its directors.

It is a fundamental principle of equitable jurisdiction over suits

by stockholders to recover against corporate officers for their wrongs committed against the corporation that they cannot be maintained by stockholders in vindication of a personal right. Such wrongs are against the corporation and have no relation to the stockholder except as he has a derivative and indirect interest. It is the corporation alone whose interests are immediately concerned, whose rights are to be vindicated and for whose exclusive benefit the damages, if any are recovered, must be paid. Therefore there must be an express allegation that the suit is brought by the plaintiffs, not for themselves alone but in behalf of all others similarly situated and interested. This principle of law in substance was declared by Chief Justice Shaw in the pioneer case of *Smith* v. *Hurd,* 12 Met. 371, with his usual conclusiveness of reasoning. That principle has been followed and amplified in numerous other decisions. *Brewer* v. *Boston Theatre,* 104 Mass. 378. *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495. *Peabody* v. *Flint,* 6 Allen, 52. *Heath* v. *Ellis,* 12 Cush. 601, 604. *Converse* v. *United Shoe Machinery Co.* 185 Mass. 422; *S. C.* 209 Mass. 539. *Davenport* v. *Dows,* 18 Wall. 626, 627. *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7, 15. The plaintiffs cannot recover separate judgment for the damages sustained by them individually. They have no priority or preference over other stockholders. If the suit is sustained, the decree must be for the full amount of damages sustained by the corporation and the money must be ordered to be paid to the corporation so that it will be available for the benefit of all the creditors and all the stockholders, as if the suit had been brought by the corporation. *Bartlett* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 530, 531. *Dewing* v. *Perdicaries,* 96 U. S. 193, 198. *Landis* v. *Sea Isle City Hotel Co.* 8 Dick. 654. *Zinn* v. *Baxter,* 65 Ohio St. 341, 364. *Rafferty* v. *Donnelly,* 197 Penn. St. 423, 429. *Wallace* v. *Lincoln Savings Bank,* 89 Tenn. 630, 635. *In re Dennett,* 136 C. C. A. 422, 426. *Atwool* v. *Merryweather,* L. R. 5 Eq. 464, 467, 468. The allegations of the bill are not sufficient in this respect. The averments as to its being brought generally in behalf of all other stockholders similarly situated who desire to join are somewhat vague and conditional. But there is no adequately specfic allegation that the suit is brought for the benefit of the corporation. The prayers in this regard are indefinite.

Leave is granted to the plaintiffs to make amendments in order to overcome this difficulty. St. 1913, c. 716, § 3. We proceed to consider the case on its substantive allegations on the assumption that such amendments will be made.

The bill seeks relief against the other defendants for acts of fraudulent convertion, waste and dissipation of corporate assets and of other wrongdoing to the corporation. It is contrary to the basic principles of corporate management for minority stockholders ordinarily to interfere in corporate management by instituting litigation respecting its interest. The control of the corporation is vested in directors or other officers who occupy a trust relation to the corporation and who are presumed to be zealous for the promotion of its welfare. Commonly the stockholder must seek his remedy for illegal acts by application to the directors to protect the corporation. It is only in the exceptional instance where it is made to appear that such application would be fruitless and unavailing to protect corporate rights that the stockholder may institute an action. The present bill contains no averment of application to the board of directors and refusal by them to act. The allegation in this particular is that "it is useless to request the corporation to take action because the board of directors consist of the persons herein named as respondent officers and directors, . . . and that . . . said respondent officers and directors or some of them . . . are the ones charged herein with the guilty conduct for which this action is brought." This is not an allegation that a majority of the directors are faithless to their trust. In similar terms, every wrongful act charged in the bill (with two exceptions to be noted later) is alleged to have been done by the "officers or directors, or some of them."

These averments would be fully satisfied if it should be proved at the trial that one or two out of the six directors had been faithless to their trust to the corporation and that the other four or five directors had been not only faithful and honest but ignorant of any wrongful conduct on the part of any of their associates, and ready and willing to prosecute with wisdom and force claims against their associate directors who have wronged the corporation, as soon as their attention was called to the facts. Since no intendment can be made in favor of the bill, it must be assumed that this

is the extreme limit of the allegation. *Bowker* v. *Torrey,* 211 Mass. 282, 286.

It long has been settled that it is not enough to show that a minority of the directors have been guilty of wrongs to the corporation, in order to excuse a stockholder from first applying for relief to the directors, before instituting suit in his own name, without showing further by appropriate and specific allegations that the majority of the directors were wilfully disregardful of the interests of the corporation. On this point, reference need only be made to the leading cases of *Brewer* v. *Boston Theatre,* 104 Mass. 378, and *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, where the subject is discussed with convincing fullness. See, also, *Bartlett* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 530, 532, 536, and cases there collected; *S. C.* 226 Mass. 467. The allegations of the present bill fail to conform to the principles declared in these cases and recognized generally. They are fatally deficient in not setting forth sufficient facts to show that it would have been an idle form to ask the directors to institute action for the protection of the corporation, if a full disclosure of facts had been made to them. *Doherty* v. *Mercantile Trust Co.* 184 Mass. 590, 593.

There are two paragraphs in the bill, however, which are adequate. In paragraph nine it is alleged with ample details that four named directors of the defendant corporation have, fraudulently, at prices grossly less than their real or their market value, sold large amounts of products manufactured by the defendant corporation, to another corporation known as the Perfection Cooler Company of Canada, in which these same four directors own the controlling amount of stock and are the dominant officers. Since these culpable directors constitute a majority of the board of the defendant corporation, it is manifest that they could not be expected to prosecute with the requisite vigor against themselves or their own corporation in the name of the defendant corporation actions to recover money thus lost. See in this connection *Hill* v. *Murphy,* 212 Mass. 1; *Delaware & Hudson Co.* v. *Albany & Susquehanna Railroad,* 213 U. S. 435. The same is true of the allegations of paragraph 21 of the bill, to the effect that considerable amounts of stock in the Perfection Cooler Company of Canada are held by the same four directors, which were received by one

and by him distributed to the other three in payment for a license to use a patent owned by the defendant corporation, and that these shares of stock in equity belong to the defendant corporation.

The Perfection Cooler Company of Canada is not a necessary party to these proceedings. No relief is sought against that corporation. In this respect the bill sets forth a liability on the part of the four directors named as defendants.

It follows that the order overruling the defendants' demurrer is reversed. The demurrer must be sustained unless the amendments are made as indicated by the earlier part of this opinion; and when such amendments are made, then the demurrer must be sustained as to all the charging paragraphs of the bill except paragraphs 9 and 21, as to which it is overruled.

*So ordered.*