ISAAC HIRSHBERG *vs.* BERNARD APPEL & another.

Essex.   November 14, 1928. — January 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Actionable Tort. Deceit. Fraud. Corporation*, Relief from fraud of officers and agents.

The declaration in an action of tort against two defendants contained allegations that the plaintiff was an officer and the largest stockholder of a prosperous corporation in which one of the defendants was minority stockholder; that the plaintiff, wishing to go on a journey and having confidence in the second defendant, requested him to assist the first defendant in the conduct of the business of the corporation, to which the second defendant assented; that the defendants, conspiring to deprive the plaintiff of his investment in the corporation, previous to his departure on his journey procured his signature to an assignment to the second defendant of certain property of the corporation, and, during the plaintiff's absence, depleted the assets of the corporation for their benefit and rendered it ostensibly insolvent, whereby it subsequently was adjudicated bankrupt upon an involuntary petition in bankruptcy; and that, as a result thereof, the plaintiff lost his whole investment in the corporation and suffered in his good name and reputation. *Held*, that
(1) Apart from injury to the plaintiff's name and reputation, the alleged injury was to the corporation, for which it alone could seek redress;
(2) The injury to the plaintiff's name and reputation was incidental to the injury to the corporation and did not constitute a wrong for which the action could be maintained;
(3) No false representation made to the plaintiff appeared;

(4) There was no fiduciary relationship between the second defendant and the plaintiff; that defendant's duty was to assist the corporation;

(5) The action could not be maintained.

TORT. Writ dated November 9, 1927.

The declaration is described in the opinion. The defendants demurred. The demurrer was heard in the Superior Court by *Gray*, J., by whose order it was sustained and judgment entered for the defendants. The plaintiff appealed.

*A. Kobrin*, for the plaintiff, submitted a brief.

*L. R. Eyges*, for the defendants.

WAIT, J. This plaintiff, an old man unable to read, or to write more than his name, in English, brings this action in tort, alleging that he was the president, treasurer, a director and the largest stockholder in the Macy Furniture Company, a corporation in which his wife, Rose, and his stepson, George Bornstein, son of Rose, were minority stockholders; that he knew and trusted Bernard Appel, brother of Rose, with whom he had many dealings; that being in ill health and desiring to visit Palestine in June, 1926, he told Appel of his condition and wishes and asked him to advise and assist Bornstein in the conduct of the business of the corporation while he was away; that Appel consented so to act; that in July he went to Appel's office and, in Appel's absence, and without questioning their tenor or content, signed some papers left there for his signature; that on July 16, 1926, he embarked for Palestine leaving the conduct of the corporate business to Appel, whom he had not seen or spoken with since the talk in June, and to Bornstein. He alleges that on July 16, 1926, the corporation was prosperous, in sound condition and able to pay all outstanding obligations, its stock being worth more than par; that in July the defendants secretly combined by wrongful means to deprive the plaintiff of all his moneys invested in the corporation and, in order to effect this purpose, to procure his signature to an assignment to Appel of all the corporation's leases of furniture, to secrete the corporation's merchandise, to execute an assignment by the corporation for the benefit of its creditors, and to liquidate the corporate

business leaving the defendants with the greater part of its assets. On information and belief he alleges that they, with fraudulent intent, depleted the assets for their benefit, rendered the corporation ostensibly insolvent by means of secreting assets and of the assignment of leases obtained by Appel from the plaintiff, and caused an assignment for the benefit of creditors to be made, as a result of which the corporation was petitioned, involuntarily, into bankruptcy and was adjudicated bankrupt. He also alleges that he was kept in ignorance of the conspiracy and the wrongful means by which it was carried out until shortly before instituting this action; that by reason of their conduct, he has suffered the loss of all he had invested in the corporation, and, by reason of the assignments and the bankruptcy of the corporation, he has suffered in good name and reputation. We have omitted many characterizations of designs and acts as "unlawful," "wrongful" and "fraudulent," in thus stating the substance of the declaration, because in pleadings vituperative adjectives add nothing actionable to an allegation.

The defendants demurred on many grounds. The demurrer was sustained. No amendment was made and judgment for the defendants was entered. The plaintiff appeals.

It is obvious that, with the exception of the damage to the plaintiff's good name, the alleged wrongs are injuries to the Macy Furniture Company. The law is settled that for such injury to a corporation, a stockholder has no right to maintain an action at law. A suit for redress must be brought by the corporation. Any recovery is for its benefit. The injury to the investment and to the good name of the shareholder is incidental to the injury to the corporation, and does not constitute a cause of action which will support a suit by him. *Smith* v. *Hurd*, 12 Met. 371. *Converse* v. *United Shoe Machinery Co.* 185 Mass. 422. *Perry* v. *Hayes*, 215 Mass. 296. See also *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 591; *Brewer* v. *Boston Theatre*, 104 Mass. 378, 386.

In the situation disclosed by the declaration there was no false representation to the plaintiff. There was no fiduciary duty to him. The promise of the defendant Appel was to assist the corporation. The duty assumed was to the corporation.

*Willett* v. *Herrick*, 242 Mass. 471, on which the plaintiff chiefly relies, is plainly distinguishable from the case set out in this declaration. Compare *Loughery* v. *Central Trust Co.* 258 Mass. 172; *O'Callaghan* v. *Cronan,* 121 Mass. 114. The demurrer was sustained rightly.

*Judgment affirmed.*