LOUIS J. CACCAVARO & another[1] *vs.* KINKADE & COMPANY, INC. March 26, 1976. Under the only two counts still viable, the plaintiffs, each the owner of fifty per cent of the capital stock of C.I.A. Insurance Agency, Incorporated (CIA), seek to recover damages from the defendant Kinkade & Company, Inc. (defendant) by reason of the defendant's alleged breach of an oral agreement under which the plaintiffs were to sell and the defendant was to purchase all the assets of CIA as well as all the plaintiffs' stock therein. The plaintiffs appear to have confused their individual identities as stockholders in CIA with the separate corporate identity of CIA. See *Star Brewing Co.* v. *Flynn,* 237 Mass. 213, 217 (1921); *Berry* v. *Old South Engraving Co.* 283 Mass. 441, 451 (1933); *M. McDonough Corp.* v. *Connolly,* 313 Mass. 62, 66 (1943). Any cause of action for breach of an agreement to purchase the assets of CIA belonged to CIA rather than the plaintiffs (see *Smith* v. *Hurd,* 12 Met. 371, 385, 386 [1847]; *Converse* v. *United Shoe Mach. Co.* 185 Mass. 422, 423 [1904]; *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 591 [1917]; *Mendelsohn* v. *Leather Mfg. Corp.* 326 Mass. 226, 237 [1950]) and passed to CIA's trustee in bankruptcy under § 70(a)(6) of the Bankruptcy Act (11 U.S.C. § 110[a][6]) long prior to trial. Compare *Ames* v. *American Tel. & Tel. Co.*.166 F. 820, 823, 824 (D. Mass. 1909). Any cause of action for breach of an agreement to purchase either plaintiff's stock in CIA was barred by the provisions of the Statute of Frauds found in G. L. c. 106, § 8-319, which had been specifically pleaded by the defendant. It was agreed that no writing had been signed by or in behalf of the defendant and that no stock had been delivered to it; there was no evidence from which it could have been found that the case fell within (*c*) or (*d*) of § 8-319. The defendant's motion for the entry of verdicts in its favor on counts 1 and 2 should have been allowed; judgment is to be entered for the defendant on those counts; to clear the record, judgment is also to be entered on the verdicts returned on the other six counts.

So ordered.

*Charles W. O'Brien (Donald N. Sweeney* with him) for the defendant.

*C. Thomas Zinni & Michael W. Pessia,* for the plaintiffs, submitted a brief.