ALONZO W. PERRY *vs.* ALFRED S. HAYES & others.

Suffolk.    March 14, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Pleading, Civil,* Declaration. *Corporation,* Rights of stockholders. *Conspiracy. Res Judicata.*

In an action of tort for a wrongful act alleged to have been committed by joint defendants, an allegation of conspiracy does not change the nature of the wrong alleged, but is simply a way of alleging joint action by the defendants.

An individual stockholder in a corporation cannot maintain an action of tort against other stockholders for illegally voting to issue a large number of new shares of stock in the corporation and transferring such shares without consideration to another defendant, thereby diminishing the value of the plaintiff's shares. The remedy for an illegal issue of stock must be enforced by the corporation or by a suit in equity for the benefit of stockholders to compel such enforcement by the corporation.

An action of tort against three persons for an alleged wrongful removal of the plaintiff from the offices of director and treasurer of a certain corporation was barred

as to two of the defendants by a decree of the Supreme Judicial Court dismissing a bill in equity by the plaintiff against those defendants and was barred as to the third defendant by a final decree of the Supreme Court of Nova Scotia.

HAMMOND, J. The declaration, after setting out that the plaintiff, by virtue of an agreement with the defendants Hayes and Gale, together with one Daggett and one Pye, became the holder of the greater part of the stock of the Canada-Atlantic and Plant Steamship Company, Limited, which he held subject to an obligation on his part to convey the same to the defendants Hayes, Gale and the said Daggett and Pye, upon their paying certain promissory notes held by him against them amounting in the aggregate to $285,000, avers that Hayes and Gale, knowing that they would be unable to pay at maturity the said notes, "in order to lessen the value of the plaintiff's stock . . . and to enable them to obtain control of the steamship company and thereby to force the . . . plaintiff from his position as director and treasurer of said company which he held through his ownership of substantially all the capital stock of said company, and for the purpose of compelling . . . [the plaintiff] . . . to extend the notes aforesaid or to accept a lesser sum than the principal and interest of said notes, conspired together . . . to cheat and defraud him" by illegally voting to issue four thousand five hundred additional shares of stock; and that the said Hayes and Gale further conspired with the defendant Flanders to convey the same to him for an utterly inadequate consideration, to hold as the agent of Hayes and Gale, and that the stock was illegally issued and the notes never have been paid. The declaration further alleges that by reason of these acts of the defendants the plaintiff "has been injured and has suffered large pecuniary" losses.

The action is for a tort. The allegation of conspiracy does not change in any way the nature of the wrong. It is simply a way of alleging joint action, and if proved, then the act of each conspirator within the scope of the scheme is the act of every other. The gist of the action is the tort and not the conspiracy. *Boston v. Simmons,* 150 Mass. 461. *Randall* v. *Hazelton,* 12 Allen, 412.

The things complained of are the illegal issue of stock and the removal of the plaintiff from the offices of director and treasurer of the corporation. So far as respects the illegal issue of stock and the consequent decrease in the value of the plaintiff's stock, the

right of action is in the corporation and not in the individual stock-holders.. No stockholder simply as such can maintain either at law or in equity an action against the wrongdoers for his own loss. *Converse* v. *United Shoe Machinery Co.* 185 Mass. 422, and cases cited; and 209 Mass. 539.

So far as the plaintiff has any right to relief as against the defendants Hayes or Gale, either at law or in equity, for any injury for removal from office or for any breach of the contract of June, 1903, named in the declaration, we are of opinion that the matter has been adjudicated by the entry, on May 19, 1905, dismissing the bill brought in the Supreme Judicial Court of this Commonwealth.

It follows that the plaintiff cannot maintain this action against the defendants Hayes and Gale.

As respects Flanders, the other defendant, it is to be noted that he was no party to the contract of June, 1903, named in the declaration, and therefore the plaintiff can have no action against him for breach of that contract.

For reasons above stated the plaintiff cannot maintain an action against Flanders for his participation in the alleged issue of stock, so far as the injury was caused by the decrease in the value· of the plaintiff's stock. And the short answer to his whole claim against Flanders is that by the final decree entered in the suit in Nova Scotia,\* when considered in the light of the law of that jurisdiction, the whole matter was settled so far as Flanders was concerned.

The result is that the action cannot be maintained. By the terms of the report † the entry should be judgment for the defendants, and it is

*So ordered.*

The case was submitted on briefs.

*W. M. Richardson,* for the plaintiff.

*D. E. Hall,* for the defendant Gale.

*C. M. Davenport,* administrator of the estate of the defendant Hayes, *pro se.*

---

\* In the Supreme Court of that Province.

† In the Superior Court the case was heard by *Wait,* J., without a jury. The judge ruled that the plaintiff was entitled to nominal damages, and reported the case for determination by this court.