SMITH, Respondent v. SMITH, et al, Appellants.

(173 N. W. 843.)

(File No. 4508.   Opinion filed August 15, 1919.)

1. **Evidence—Alienation of Affections by Defendants' Parents' Family—Conversation Between Plaintiff and Husband in Defendants' Absence, Competency, Whether Prejudicial.**

In a suit by wife against father, sister, and brother of her husband for damages for alienation of his affections, held, that plaintiff's testimony to a conversation not in presence of defendants, concerning why husband had not come to see plaintiff at her parent's home, and his response concerning his non-receipt of letters she claimed to have written him, and to another conversation at that meeting in which she asked him what the trouble was and if he didn't care for her any more, he replying that "if that is true what Clarence said, then.I don't, otherwise I do," he declining to state what Clarence said—was, even if inadmissable, non-prejudicial to defendants, while having a bearing upon the husband's state of mind.

2. **Same—Alienation of Affections, Exemplary Damages—Nature and Extent of Defendants' Property, Competency of.**

In a suit for damages for alienation of plaintiff's husband's affections, the complaint asking for exemplary damages, a defendant was properly called as adverse witness to testify as to nature and extent of his property; it being evidence of his financial worth.

3. **Same—Suit Against Plaintiff's Brother-in-law for Alienation of Affection—Defendant's Testimony re Sexual Intercourse with Plaintiff Prior to Marriage, Competency.**

In a suit against plaintiff's brother-in-law and others for alienation of plaintiff's husband's affections, held, that trial

court properly refused to allow the brother-in-law to testify as to whether prior to the marriage he had had sexual intercourse with plaintiff.

4. **Same—Alienation of Affections—Plaintiff's Conversation With Third Party re Defendant's Relations With Plaintiff, Competency.**

In said suit, trial court properly disallowed an offer of proof by defendants that plaintiff, in a conversation with a third party in whose home witness was a domestic and while S, one of the defendants was working at said home, said to the third party: "Lewis Sallee better be careful what he says. Clarence "[a defendant]' has never been in my room, and the only thing he did was one evening he came in and put his arms around me." Held, further, that an offer of proof by said defendant that prior to the marriage he was employed at his brother's place, where plaintiff was employed as a domestic, and that witness upon several occasions had sexual intercourse with plaintiff, was incompetent; all of the offered testimony being irrelevant to the issue.

5. **Trial—Alienation of Affections—Instructions re Allegations of Conspiracy, Relevancy—Defendant's Unity of Action, Whether Necessary.**

In a suit for alienation of plaintiff's husband's affections, trial court properly refused to instruct relative to allegations of conspiracy; the nature of the action not being changed from one for damages for alienation of affections, by such allegations; it being unnecessary that each defendant unite in the same acts the sum total of which constitutes the offense.

6. **Appeal—Error—Alienation of Affections, Evidence, Sufficiency—Disputed Evidence Sufficient, If Believable—Conspiracy, Evidence of, Immateriality—Joint Tort-feasors.**

Where, in a suit for alienation of affections, plaintiff's evidence, though largely disputed, was sufficient, if believed by jury, to show that all three defendants contributed to the alienation, verdict for plaintiff will not be disturbed on appeal; this even without proof of conspiracy, since defendants were point tort-feasors and liable for the result.

McCoy, J., taking no part in the decision.

Whiting, J., dissenting.

Action by Emma Smith, against Manning Smith and others, to recover damages for alienation of plaintiff's husband's affections. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*R. D. Gardner,* and *Anderson & Waddel,* for Appellants.

*Frank McNulty,* for Respondent.

(1)  To point one of the opinion, Respondent cited:

3 Elliott on Evidence, Sec. 1648; Hardwick v. Hardwick, 130 Ia. 230, 106 N. W. 639; White v. White. 140 Wis. 538, 122 N. W. 1051.

(2)  To point two, Respondent cited:

King v. Hanson, 13 N. D. 85, 99 N. W. 1085; 1 Joyce on Damages, Sec. 144.

(4)  To point four, Respondent cited:

Sec. 1649 Vol. 3, Elliott on Evidence.

(5)  To point five, Appellants cited:

12 Corpus Juris. 646.

Respondent cited:

Green v. Davies, 182 N. Y. 499, 3 Am. & Eng. Ann. Cas. 310.

GATES, J. Action against the father, sister, and brother of plaintiff's husband for damages for the alienation of the husband's affections. Verdict and judgment for plaintiff. Motion for a new trial denied. Defendants appeal.

[1] The evidence on behalf of plaintiff tended to show the following facts: After their marriage plaintiff and her husband lived at the farm home of his father, defendant Manning Smith, where the other defendants also lived, and where plaintiff's husband worked for his father. Some time prior to her expected confinement the plaintiff, with the consent of her husband, went to live with her parents, about seven miles distant, until the expected event should occur; the husband agreeing to go to see her the following Saturday. He never did go, nor did they ever afterwards live together. Up to that time the relations between the plaintiff and her husband and his family had been untroubled, except that defendant Ethel Smith was not as friendly to plaintiff as the others. Two weeks later plaintiff drove over to see her husband. Plaintiff as a witness was asked the following question relating to this meeting:

"What did you say to your husband and what did he say to you?"

Over the objection that this was not in the presence of any of the defendants, plaintiff was permitted to and did answer as follows:

"I asked him why he had not come up, and he said that he had not had time. Then I asked him why. He asked me why I had not written to him, and I said I had written to him two letters, and he said he had not received them."

Over the like objection, plaintiff was permitted to give the further conversation at that meeting as follows:

"I asked him what the trouble was, and asked him if he didn't care for me any more, and he said, 'If that is true, what Clarence said, then I don't, otherwise I do,' and asked him what Clarence had said, and he didn't want to tell, and then I told him to bring Clarence out, and he did so."

These rulings are assigned as error. Even if inadmissible, the statements of the witness were not in the remotest degree prejudicial·to defendants; but they did have a bearing upon the state of mind of the husband. Elmer v. Fessenden, 151 Mass 359, 24 N. E. 208, 5 L. R. A. 724.

[2] The next assignment of error relates to the calling of defendant Manning Smith as an adverse witness and eliciting information as to the nature and extent of his property. There was no error in this. The complaint asked for exemplary damages. In such case it is proper to inquire into the financial worth of defendant. Bogue v. Gunderson, 30 S. D. 1, 137 N. W. 595, Ann. Cas. 1915B, 126; King v. Hanson, 13 N. D. 85, 99 N. W. 1085; 8 R. C. L. 607.

[3] Appellants complain of the refusal of the court to permit the defendant Clarence Smith to answer the following question, relating to a time prior to the marriage of plaintiff and her husband:

"Did you, while you were there at your brother's place in the spring of the year 1916, go into the plaintiff's room, and did you at that time have sexual intercourse with her?"

[4] Appellants also urge as error the denial of the following offers of proof:

"Defendants at this time offer to prove by the witness Mrs. Archie Smith that in the spring of the year 1916, while plaintiff was in the household of the witness as a domestic, and while Clarence Smith, one of the defendants, was working at the witness' house, that the witness had a conversation with the plaintiff, in which the plaintiff said to the witness, as follows: 'Lewis

Sallee better be careful what he says. Clarence has never been in my room; the only thing he did was one evening he came in and put his arms around me.'

"At this time the defendants offer to prove by the testimony of Clarence Smith, one of the defendants, that in the spring of the year 1916, he was employed at his brother's place, and that at the same time the plaintiff was also employed at the same place as a domestic; that at said time the witness upon several occasions did have sexual intercourse with the plaintiff."

These rulings did not constitute error. The testimony sought to be introduced was not relevant to the issue.

[5] Appellants next complain of the refusal of the court to give certain instructions with reference to the allegations of conspiracy. There was no error in denying those requests. The nature of this action was not changed from one for damages for alienation of affections by the allegations of conspiracy. "Nor was it necessary that each defendant unite in the same acts, the sum total of which constituted the offense." Lovelett v. Heumpfner, 32 S. D. 35, 141 N. W. 1080.

[6] The remaining errors assigned relate to the insufficiency of the evidence to sustain the verdict, particularly that the evidence was insufficient to show a conspiracy, and that it was insufficient to warrant a judgment against the father. So far as any assignments of error are concerned, it is entirely immaterial whether a conspiracy was proven. Watkins v. Bowyer, 42 S. D. 189, 173 N. W. 745. The tort in this case was the alienation of the husband's affections. The evidence on behalf of the plaintiff, though largely disputed, was sufficient, if believed by the jury, to show that all three of the defendants contributed to the alienation. They were, even without proof of conspiracy, joint tort-feasors, and therefore all were liable for the result.

After a most careful examination of the record, and all assignments, we can discover no reversible error. This is peculiarly a case where the action of the trial court in denying the motion for a new trial, one of the grounds of which was the insufficiency of the evidence to sustain the verdict, should not be interfered with, except for manifest abuse of discretion.

The judgment and order appealed from are affirmed.

WHITING, J., dissents.

McCOY, J., took no part in this decision.