HENKEL & SULLIVAN, A PARTNERSHIP, *v.* ROBINSON.

(Decided November 28, 1927.)

*Messrs. Bolsinger, Black & Burtner* and *Messrs. O'Donnell, Geisler & Cash,* for plaintiff in error.

*Mr. Edward M. Ballard,* for defendant in error.

CUSHING, J.   Plaintiff, Charles Robinson, on November 13, 1926, while standing on Front street, Cincinnati, near a railroad track in that street, for

the purpose of ascertaining whether an engine was about to move a cut of cars, was struck by an automobile truck, and so injured that his left leg had to be amputated.

The petition stated that the truck was carelessly and negligently swung to the left or wrong side of the street, across the railroad track; that the plaintiff was in plain view; that the truck was carelessly and negligently run against him and over his left foot, so injuring him that his left leg had to be amputated.

The answer admitted the partnership, the ownership of the truck, the location and condition of Front street at the time, and that the plaintiff was injured by their truck; and pleaded negligence on the part of the plaintiff, charging that he, without notice or warning, leaped off the running board of a Ford truck, on which he was riding, into the side of defendant's truck, and that the driver of defendant's truck had no notice or warning of plaintiff's sudden leap.

The reply denied the allegations of the answer.

Judgment was entered on a verdict in favor of the plaintiff, and this action is prosecuted to reverse that judgment.

Numerous errors are assigned.

The errors set forth in the petition in error, to the effect that the plaintiff was guilty of contributory negligence, and that the court erred in overruling the motion for an instructed verdict, made at the close of plaintiff's case, will not be considered other than to say that the court did not err in either of these rulings.

The third assignment of error questions the right of plaintiff to be in the street.

The rights of the plaintiff and of the defendant in the street were equal. If there was negligence on the part of either, or both, that question was for the determination of the jury.

Nine assignments of error are predicated on the charge the court gave the jury. As most, if not all, of these assignments should be sustained, and as the charge was not correctly framed or stated, we have concluded to state the fundamentals of a charge, and thus dispose of all the assignments of error.

Many decisions in Ohio hold that a statement of an abstract proposition of law that does not relate to the issue is confusing and may be erroneous; also, that the reading of the pleadings, without stating the issue, is erroneous.

The charge of a court to a jury, under the Ohio laws, should state the issue or issues made by the pleadings. This should be followed by a statement of the rules of law by which the jury should apply the evidence to the issue in the case; and the rule by which the jury should be guided in arriving at the measure of damage.

An issue is a single, certain, and material point deduced from or arising out of the pleadings. The pleadings, and not the evidence, must be looked to in determining the issue to be presented to the jury. These rules have been deduced from judicial decisions in order that the lay mind may grasp the issue and be able to determine the questions presented for its consideration.

In the case at bar the court read the pleadings to the jury, and added:

"These papers, ladies and gentlemen, the contents of which I have just read to you, to wit, the petition, the answer, and the reply, constitute what are known as the issues in the case. The issues of fact, affirmed upon the one side, and denied upon the other."

In 1905, in *Baltimore & Ohio Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, 74 N. E., 1071, the Supreme Court, of Ohio used this language:

"In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; * * *. It is error to read the pleadings to the jury and then say to the jury, and not otherwise to define the specific issues, that these constitute the pleadings in the case, which make up the issue and from which they will try and determine the controversy between the parties."

This case has been followed by the Supreme Court and the Courts of Appeals in Ohio for more than 20 years.

Reviewing courts have not determined that it was prejudicial error to read the pleadings. But a statement of the issue deduced from the pleadings negatives the idea of reading the pleadings, and, while it may not be error, it is certainly confusing to inject into a charge anything other than provided in the rule above stated; i. e., a statement of the issue, a statement of the law by which the jury is to be guided in applying the evidence to the issue, and

a statement of a rule by which the measure of damage is to be determined.

For errors in the charge of the court, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and MILLS, J., concur.