ROUSH *v.* PATTON ET AL.

(Decided August 1, 1928.)

Mr. H. T. Mathers, Mr. Stuart R. Bolin* and *Mr.
Harry A. Brenner,* for plaintiff in error.

*Mr. C. C. Crabbe, Mr. H. D. Mills, Mr. Thomas
D. Hodge, Mr. J. M. Cole* and *Messrs. Martin &
Corry,* for defendants in error.

CUSHING, J.   On April 25, 1925, Dwight I. Roush
filed an action in the court of common pleas of
Clark county against William B. Patton, Frank A.
Hartley, Amos Richard Kent, Rush R. Richison,
Herbert M. Platter, J. F. Browne, Clarence H. Kay,
and William P. Ultes, for damages growing out of
an alleged conspiracy.

The petition, after describing the parties, charged
that in July, 1921, defendants maliciously, wrong-
fully, fraudulently, and in violation of plaintiff's
rights, combined, confederated, and conspired to-
gether, and each with the other, to injure him in the
practice of his profession, to destroy it and to force
him to relinquish his practice in Springfield and
vicinity, and to ruin him professionally, financially,
and socially in order to effect the object and pur-
pose of said conspiracy.   Language of the same im-

port was used in the petition charging the defendants with the following acts in furtherance of the conspiracy:

That on March 8, 1922, Roush was expelled from the Clark County Medical Society.

That two of the defendants, on October 20, 1923, appeared before and addressed the Methodist Union of Springfield, charging plaintiff with using fake methods, useless machines, and overcharging and robbing his patients.

That on December 17, 1923, four of the other defendants appeared before the same society and made statements substantially the same as those made by the two defendants on October 20, 1923.

That defendants told plaintiff's patients that they were boycotting plaintiff; that if they patronized him, the members of the Clark County Medical Society would not treat them professionally; that his practice was destroyed, his property was for sale, and he was practically ruined.

That defendants procured the cancellation of an arrangement he had with the owner of an office building for renting offices.

That defendants circulated slanderous and false statements as to his character as a physician, for the purpose of depriving him of getting employment to deliver Chautauqua lectures.

That defendants attempted to procure a revocation of his license to practice medicine in Ohio by causing him to be charged before the State Medical Board of Ohio with a violation of Section 1275 of the General Code, by using advertising pamphlets containing words forbidden by the law of Ohio, and causing to be published in two daily newspapers in

Springfield, on July 17 and 18, 1924, the action of the State Medical Board in suspending his license to practice medicine in Ohio for 30 days.

And that he used improper methods in diagnosing and treating diseases.

Plaintiff claimed damages in the sum of $100,000. He also claimed that the conduct of the defendants and each of them was without provocation, and that their conduct was actuated by malice, jealousy, and professional hatred, and that he was entitled to exemplary damages in the sum of $100,000, and prayed for judgment for $200,000 and costs.

Defendant Herbert M. Platter admitted in his answer that he is a physician, secretary of the State Medical Board, and resides in Columbus, Ohio, and admitted that the plaintiff was licensed to practice medicine in 1919. He denied said conspiracy and confederation, and, after specifically and generally denying the allegations of the petition, stated that on May 1, 1924, his attention was called to the fact that the plaintiff was violating paragraph 3 of Section 1275, General Code; that, after investigation, he, as secretary of the Ohio State Medical Board, on June 17, 1924, applied for the revocation or suspension of plaintiff's certificate to practice medicine and surgery in Ohio; and stated that on the same day notice was sent to the plaintiff.

The State Medical Board, on July 9, 1924, heard the charges, and, on July 14, 1924, notified Roush and the probate court of Clark county of Roush's suspension for 30 days.

The other defendants admitted formal matters and denied any combination, conspiracy, or confederation; denied that they or any of them per-

formed any act or acts, or published any statements, for the purpose of effecting the object of any conspiracy. They admitted that the defendants named, on October 24, 1923, and on December 17, 1923, attended meetings of the Methodist Union of Springfield, but denied that in so doing they acted in furtherance of any conspiracy, and denied that they made the statements alleged in the petition. They further denied that plaintiff's suspension was the result of any conspiracy by any of them, but alleged that it was the result of the plaintiff's violation of the laws of Ohio; denied that they were actuated by malice or wrongful motives, or that they or any of them caused or procured the publication of said suspension in the newspapers; and denied generally all the allegations of the petition.

Plaintiff's reply denied specifically the statements of the answer of Herbert M. Platter, and stated that all the acts alleged in said answer of Platter were done by him, not in pursuance of his duty as secretary of the Ohio State Medical Board, but that the same were done fraudulently, maliciously, and with intent to injure the plaintiff in the practice of his profession and to destroy the same and to force him to relinquish his practice in Springfield and vicinity and to ruin him professionally, financially, and socially in the county in which he lived. He claims that the acts were done in furtherance of an unlawful conspiracy entered into by Platter and the other defendants, and that the pretended proceedings of said defendant Platter were fraudulent, malicious, and in violation of the rights of the plaintiff, and were had and taken pursuant to said conspiracy for the purposes aforesaid, because plaintiff used in

his practice, among other things, the so-called Abrams method of diagnosis and treatment of diseases.

Judgment of the court of common pleas was entered on the verdict in favor of the defendants, and this action is prosecuted to reverse that judgment.

Plaintiff in error argues and relies on the following errors: The overruling of the challenges of certain jurors; refusal of the court to admit evidence of the merits of the Abrams method; misconduct of counsel; errors in the refusal to give special charges; and errors in the general charge.

Counsel for plaintiff challenged several jurors for cause. The challenges were overruled. The record fails to disclose that the challenges were made after the peremptory challenges of the plaintiff had been exhausted. Therefore error cannot be predicated on the overruling of these challenges. *Lingafelter* v. *Moore,* 95 Ohio St., 384, 117 N. E., 16.

The court did not err in excluding evidence of the merits of the Abrams method. That question was not an issue in the case.

The substance of the special charges, the refusal of which is claimed as an error by the plaintiff in error, was that if the plaintiff failed in proof of the conspiracy he could recover damages against one or more of the defendants if proof showed one or more of them to have been guilty of the wrong without such agreement. The complaint as to the special charges will be considered in connection with the general charge of the court.

It was in evidence that after having lived in Ohio, North Dakota, Illinois, Nebraska, Kansas, and South Dakota, and having traveled in parts of

Europe, plaintiff Roush returned to Ohio, located in Springfield, was admitted to practice medicine in 1919, and was admitted to membership in the Clark County Medical Society. After charges were preferred against him he was expelled from the Clark County Medical Society on March 8, 1922. Thereafter, he opened a sanitarium. For the year 1923 his total income from his practice and the sanitarium was $33,624.45. For the first six months of 1924 his income was approximately $15,000. After his suspension by the State Medical Board his receipts for July of that year were $840, for August $1,171, and for the remainder of that year there was but one month in which his income dropped below $500. The total for the year 1924 was $19,148.17.

Plaintiff in error's claim is that he was entitled to recover from the defendants individually, even if the conspiracy was not made out, contending that the allegations of the conspiracy may be disregarded and damages recovered against such of the defendants as are shown to be guilty of a tort without such agreement. Two cases are cited and relied upon to support this contention. *Howland* v. *Corn* (*C. C. A.*), 232 F., 35, and *Perry* v. *Hayes,* 215 Mass., 296, 102 N. E., 318. It is true that the court in both of these cases made the statement of law contended for. The facts in those cases, however, clearly distinguish them from the case at bar.

Any statements by any of the defendants with reference to the expulsion from the Clark County Medical Society or statements made at the meeting of the Methodist Union were made more than one

year prior to the date of the filing of the action. An action for slander is barred after one year.

From the record there can be no question that the plaintiff in error was guilty of a violation of law in advertising as he did in the pamphlet attached to defendants' Exhibit 2.

Briefly stated, plaintiff in error's contention is that, bringing an action in conspiracy, if he fails in the proof of such, he may toll the statute of limitations as to slander and recover a judgment against the individuals for what they may have said.

Cases are, or should be, tried according to law in Ohio. Section 11305, General Code, provides:

"The first pleading shall be the petition by the plaintiff, which must contain: 1. A statement of facts constituting a cause of action in ordinary and concise language."

Plaintiff's petition states a cause of action in conspiracy. The answers made the issue as to whether or not there was a conspiracy. There was no request to amend the petition after testimony was in.

The court in its charge correctly stated the issue made by the pleadings, and, while he failed to use one technical word "design," he did use the word "purpose," and these two words are synonymous. In the case of *Henkel & Sullivan* v. *Robinson,* 27 Ohio App., 341, 161 N. E., 342, this court held that it was the duty of the court to state the issue made by the pleadings, to state the rules of law by which the jury should be governed in weighing the testimony, and to state the rule by which the jury should be guided in arriving at the measure of damages. It was not error, therefore, for the trial court to refuse the special charges, because they directed the

jury to consider a question not made by the pleadings. Nor was there any prejudicial error in the general charge of the court.

While we do not approve of the practice of cross-examining witnesses on any matter not made an issue in the case, the trial court is vested with discretion to limit or extend the latitude in cross-examining a witness. We cannot say under the facts of this case that the trial court abused the discretion vested in it.

Our conclusion is that there is no error prejudicial to the plaintiff in error, and that the judgment of the trial court should be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.

Judges of the First Appellate District, sitting in place of Judges ALLREAD, FERNEDING and KUNKLE, of the Second Appellate District.