MISRACH *v.* EPPERSON, A MINOR.

452

(Decided March 4, 1929)

*Messrs. Dinsmore, Shohl & Sawyer,* for plaintiff in error.

*Messrs. Clore, Schwab & McCaslin,* for defendant in error.

Ross, J.   A judgment for $2,760 was rendered in the court of common pleas of Hamilton county in favor of the defendant in error, Carl Epperson, an eight year old boy, who sued by his next friend. Error is prosecuted to this judgment, and a number of errors are assigned, which will be taken up in detail.

In order, however, to pass upon the several assignments of error, it is necessary to briefly review the evidence.

There is no dispute that Ida Misrach, plaintiff in error, on the 26th day of August, 1927, in the daytime, drove an automobile southwardly on Freeman avenue, in the city of Cincinnati, passing the point where the eastern extension of Findlay street enters Freeman avenue; that Findlay street crosses Freeman avenue at this point by a step or jog in the street, the north line of the western extension of Findlay street from Freeman being some 75 feet south of the south line of the eastern extension of Findlay street from Freeman avenue; that the defendant in error, a boy eight years of age, was on the west sidewalk of Freeman avenue, at a point somewhere north of the western extension of Findlay street and south of the eastern extension of Findlay street; that he attempted to cross Freeman avenue from west to east in the area between the ex-

tensions, and not at a regularly designated crossing, when he was struck by the automobile of the plaintiff in error, hurled to the street, rolled over against the curb, and severely injured; that the automobile of the plaintiff in error, after striking the child, ran over the sidewalk, and thence southwardly on the sidewalk until it came into collision with a flight of stone steps, throwing some of these stones in a southwardly direction some 20 feet.

With the exception of these facts, the testimony is in conflict, some of the witnesses for the plaintiff in error testifying that she was proceeding southwardly on Freeman avenue at a speed not greater than 20 miles an hour; that she saw the boy on the sidewalk when she was about a half a block away; that she was driving on the west or right side of the street; that the boy suddenly darted out from the curb; that the plaintiff in error tried to avoid hitting him and swerved her automobile to the left or east side of Freeman avenue; and that the boy was struck near the east curb.

There was other evidence to the effect that the plaintiff in error, at about a block above where the accident occurred, swerved to the east or left side of Freeman avenue to avoid a drove of cattle, which was coming into Freeman avenue from a side street from the west; that, after passing the cattle, she continued to drive on the east or left side of Freeman avenue, and struck the boy at a point about 2 feet from the east curb of Freeman avenue, the boy having walked across the avenue from the west sidewalk; and that the plaintiff in error was driving "fast."

The plaintiff in error denies that she saw the cattle.

As to the injuries suffered by the child, there was no opinion evidence as to whether the injuries were or were not of a permanent character. X-rays taken were read by physicians as indicating broken bones; that is, the tuberosity of the ischium and the sacrum. The boy's mother testified that the boy had never before been injured. There is some evidence that the X-ray photographs had been read previous to the time of the trial, as indicating callous, which was caused by an injury received prior to the time of the accident.

The amended petition charges four grounds of negligence against the plaintiff in error: (1) That she failed to keep a proper lookout for pedestrians crossing Freeman avenue. (2) That she failed to have her automobile under proper control. (3) That she was operating the automobile at a high and excessive rate of speed, to wit, in excess of 30 miles an hour. (4) That she was proceeding along the left side of the street, in violation of an ordinance of the city of Cincinnati.

There was no proof offered by the defendant in error on either the third or fourth grounds, but there is in the record ample evidence warranting the jury in finding negligence on the part of the plaintiff in error constituting the proximate cause of the injuries on the first and second grounds of negligence charged.

There was no request that either the third or fourth grounds be taken from the jury.

The first assignment of error deals with the charge of the court, in that it is claimed the court merely "read" the pleadings, stating that the issues were contained therein. The record does not

substantiate this contention. The pertinent charge of the court is as follows:

"The plaintiff says he was crossing Freeman avenue at a regularly designated crossing for pedestrians, and in substance he says when he was about two feet from the east curb of Freeman avenue he was struck by the automobile. He says that the automobile was going in a southerly direction along Freeman avenue on the east or the left side of the street, and was driven by the defendant, and he was hurt. He says the defendant was negligent as follows: That she failed to keep a proper lookout for pedestrians crossing Freeman avenue; failed to have her car under control, and she was operating it at a high and unsafe rate of speed, over 30 miles an hour; and then the plaintiff recites what his injuries amounted to as stated in the petition, and asks judgment against the defendant in the sum of $7,500.

"Now the answer is what we call a general denial. Everything that the plaintiff sets forth is denied by the defendant, and that of course puts the plaintiff upon proof as to all the allegations of his petition.

"The pleadings primarily make up the issues in the case. Certain evidence has been introduced, and a situation developed, so I must define one issue that has not been primarily raised by the pleadings.

"The pleadings are the sworn statements in writing of the litigants. They set forth the claims of the parties.

"The plaintiff says that his damage was caused by the fault or negligence of the defendant, and the defendant denies that the injury was caused by her fault or negligence as set forth in the petition. Now,

there is evidence adduced here which the defendant claims would warrant you in finding that the injury sustained was the result of the negligence of the defendant combined with the negligence of the plaintiff. In other words, that the proximate cause of the injury to the plaintiff was the combined negligence of the defendant and the plaintiff.''

Reference to the pleadings shows them to be of manifestly different language from that used in the charge. This is not one of those cases where the trial court tosses the pleadings into the lap of the jury, stating that these pleadings contain the issues, such a case as was criticized in *Henkel & Sullivan* v. *Robinson,* 27 Ohio App., 341, 343, 161 N. E., 342, 343, a case decided by this court November 28, 1927. In the opinion in that case this court said:

''The charge of a court to a jury, under the Ohio laws, should state the issue or issues made by the pleadings. This should be followed by a statement of the rules of law by which the jury should apply the evidence to the issue in the case; and the rule by which the jury should be guided in arriving at the measure of damage.

''An issue is a single, certain, and material point deduced from or arising out of the pleadings. The pleadings, and not the evidence, must be looked to in determining the issue to be presented to the jury. These rules have been deduced from judicial decisions in order that the lay mind may grasp the issue and be able to determine the question presented for its consideration.

''In the case at bar the court read the pleadings to the jury, and added:

'' 'These papers, ladies and gentlemen, the con-

tents of which I have just read to you, to-wit, the petition, the answer, and the reply, constitute what are known as the issues in the case. The issues of fact, affirmed upon the one side, and denied upon the other.' "

In the case at bar the court defined the issues in language clearly bringing them to the attention of the jury. His reference to the pleadings as making up the issues upon which the evidence reacts was not only not error, but was perfectly proper.

It is urged that the court failed to charge upon the fourth ground of negligence. This was proper, as there was no evidence of a violation of the ordinance; the same not having been introduced in evidence.

The court called the attention of the jury to the issue of negligence involving driving on the wrong side of the street, as shown by the part of his charge quoted.

It is further urged that the court erred in placing undue emphasis upon the issue of contributory negligence. We cannot see, even if this were true, how such action could be prejudicial to the plaintiff in error. While it is difficult to see how contributory negligence could be attributable to the defendant in error, a boy eight years of age, still it was unquestionably a question to go to the jury under proper instructions, which were given. The plaintiff in error from her own testimony left the impression that this was a "dart-out" case, and certainly a proper instruction on contributory negligence was called for, even though not raised by the pleadings. The charge of the court on this issue again negatives the claim of the plaintiff in error that the court "merely read the amended petition."

It is further urged that the court committed error in failing to charge upon the issue of driving on the wrong or left-hand side of the street. As previously pointed out, this issue was mentioned and was placed before the jury, and properly so, as coming under the second ground of negligence. In this connection, the plaintiff in error claims error in that the court refused a special request, as follows:

"And I request the court to charge that the defendant has the right to go on the left hand side of the street in case of emergency."

The court properly refused the charge requested. To have so charged under the evidence in this case would have been prejudicial error, and grossly misleading.

It is claimed, and there is evidence to support the contention, that the plaintiff in error went to the left-hand side of the street to get around a drove of cattle. If this is the emergency claimed, its influence upon the plaintiff in error is completely negatived, in that she testified herself that she did not see the cattle. She said: "No, I didn't see any cattle at all." While it is difficult to believe this statement, and counsel for plaintiff in error quote the testimony of disinterested witnesses indicating that plaintiff in error must have seen the cattle, we must accept her statement in so far as her seeing the cattle is to constitute an emergency from the viewpoint of the plaintiff in error.

Now it is contended that the boy himself constituted an emergency, which warranted the charge. Again, referring to the testimony of the plaintiff in error, she claims to have been on the right side of the street for some distance north of the place

where the accident occurred, running about 2 feet from the right curb, and that at least a half a block north of where the accident occurred she saw the boy on the sidewalk. Again, while this is negatived by some of the witnesses present, we must accept it as indicating the presence or absence of mental reaction in the mind of the plaintiff in error developing what would constitute an emergency. She states the boy jumped out in front of her when she was about 2 feet away from him. She struck him at a point about 2 feet from the left side of Freeman avenue.

Under such a state of facts to have charged as requested would have implied that, if the jury believed the plaintiff in error, regardless of whether or not she was exercising the proper degree of care in the operation of the automobile she was driving, and in keeping a proper lookout for pedestrians, she would not, as a matter of law, be guilty of negligence, if she went to the left-hand side of the street. Plaintiff in error was bound to use the proper care under the circumstances, and it was for the jury to determine whether going to the left-hand side of the street was a proper exercise of the degree of care required. To tell the jury that the plaintiff in error "had the right to go on the left hand side of the street" in case of an emergency, without stating the degree of care required, would be a usurpation by the court of the province of the jury, and error, under the circumstances of this case.

The court did not err in refusing the special request.

A further assignment of error involves the placing before the jury the third ground or claim of negli-

gence, to wit, that the plaintiff in error "was operating it at a high and unsafe rate of speed, over thirty miles an hour."

There was evidence that the plaintiff in error was driving "fast;" her own testimony being that she was going "about twenty miles an hour." This evidence was admissible and reflected upon the issue of the proper control of the automobile. There was no evidence that the car was proceeding at a rate of "over thirty miles an hour," and such issue should not have been presented to the jury. We follow *Ochsner* v. *Cincinnati Traction Co.*, 107 Ohio St., 33, 140 N. E., 644, and *Pennsylvania Rd. Co.* v. *Lindahl*, 111 Ohio St., 502, 510, 146 N. E., 71, in that, since counsel in the case at bar made no request to withdraw the issue from the jury, upon the ground that there was no evidence to support it, and since more than one issue was submitted to the jury, and since the court gave every special charge requested by the plaintiff in error before argument, and since the verdict was general, even though there was no evidence concerning one of the alleged grounds of negligence, submission of this issue would not constitute prejudicial and reversible error.

It is also claimed that the verdict was grossly excessive. In approaching this assignment of error, we are guided by the third proposition of the syllabus in *Toledo, C. & O. R. Rd. Co.* v. *Miller*, 108 Ohio St., 388, 140 N. E., 617:

"In an action for damages for personal injury, a verdict should not be set aside unless the damages awarded are so excessive as to appear to have been awarded as a result of passion or prejudice, or unless it is so manifestly against the weight of the

evidence as to show a misconception by the jury of its duties in the premises.''

The assessment of damages is a matter thoroughly within the province of the jury, and only the gross abuse of the jury's discretion will warrant the court in entering this field or in substituting its judgment for that of the jury.

The boy was knocked down and rolled into the curb by an automobile, moving with sufficient force, after knocking him down, to continue on and dislodge a portion of a flight of stone steps, throwing some of the heavy stones several feet from the point of contact. The child was taken to a hospital where X-ray pictures were taken. He remained in bed several weeks, and, not showing proper recovery, other X-rays were taken. These X-rays indicated broken bones, as hereinbefore mentioned. There was no direct professional testimony to the effect that the child was or was not permanently injured. It is claimed: ''There is a serious question as to whether he suffered the two broken bones alleged, and the medical testimony is mostly concerned with that dispute.'' The determination of this question was for the jury, and there is nothing in their general verdict to indicate upon what they placed emphasis in fixing the amount of damages. There was testimony that the boy continued to suffer for a period of at least fourteen weeks.

The boy's mother testified that he has been ''backward in school since the accident'' and ''limps around.'' A physician testified: ''His movements are limited, he limps slightly in the right limb, he is not as quick in his movements as he might be.'' Another physician said: ''Recently his carriage indi-

cates what we call rigid back, that is carrying himself stiffly to protect something, protect himself some way, to protect some weak point. He walks with a stiff back similar to an old man. He hasn't the supple carriage of a child.''

The charge of the court on the measure of damages is also criticized. This was as follows:

''There has been some medical testimony introduced here. Those witnesses because of their training, knowledge and experience in the medical and surgical professions are permitted to express opinions which the ordinary lay witness is not allowed to do. The purpose of this testimony is to assist you in arriving at a just and correct verdict. In so far as this testimony has the effect of aiding you in your deliberations it should be used. The testimony of these expert witnesses should be given such weight as their skill, training, knowledge, and veracity entitle them to receive. Bear in mind that this testimony is only permitted to assist you. It is not to supplant, but to supplement, your judgment. * * *

''If you find for the plaintiff you will award him such damages as will fairly compensate him for the injuries, if any, which you find he has received as the direct consequence of the defendant's neglect. The measure of damages is compensation within the amount claimed, $7,500, and compensation only for his injuries.

''In determining this amount you should take into consideration the physical pain and suffering and the mental anguish the plaintiff has undergone, and such as he is reasonably certain to suffer in the future as the direct and proximate result of the injury sustained. You will consider, therefore, all the

testimony upon the question of pain and suffering, and the extent of the injury sustained.''

This charge is first criticized, in that the court used the words ''within the amount claimed.'' There can be no objection to those words, as they simply indicate to the jury that no larger sum than that claimed, to wit, $7,500, could be awarded. The charge contained no prejudicial error.

It is claimed that the amount awarded, $2,760, is manifestly excessive. We cannot concur in this contention. There is nothing in the record to indicate that passion or prejudice intervened, or that the verdict is manifestly excessive, or that it is out of proportion with sound reason and common sense.

Further, it was held in the case of *Waldron* v. *New York Central Ry. Co.,* 106 Ohio St., 371, 378, 140 N. E., 161, 164, that, ''before a judgment may be reversed under authority of subdivision four [Section 11576, General Code] the Court of Appeals must not only find that the verdict was excessive, but also that it was influenced by passion and prejudice.'' There is nothing in the record to indicate either passion or prejudice.

The jury had a right to, and evidently did, take into consideration the circumstances surrounding the infliction of the injuries, the shock incident to the accident, the pain and suffering endured by the child, the breaking of his bones, and, while the amended petition did not claim ''permanent'' injuries, the jury had a right to consider whether or not the effect of said injuries might continue for some time, although not being ''permanent.'' We feel that, in view of these facts, we must not disturb the verdict.

In conclusion, we hold that the verdict of the jury was warranted by the weight of the evidence, and the amount of damages, in view of all the circumstances in the case, was not excessive.

Finding no error in the record prejudicial to the plaintiff in error, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.