FLORENCE A. KEITH & another *vs.* WILLIAM S. RADWAY & others.

Suffolk.    January 15, 1915. — March 31, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* To relieve from results of fraud. *Corporation.*

A bill in equity by minority stockholders in a Massachusetts corporation against another stockholder, who held the majority of its stock and was alleged to be in control of it, alleged in substance that the defendant had owned the majority of the stock and that his mother owned a majority of the bonded indebtedness of a Maine corporation of the same name and that the two had had control of that corporation; that, in pursuance of a fraudulent purpose to reorganize that corporation in such a way as to gain possession of three fifths of the stock of the reorganized corporation without paying anything therefor, the defendant organized a Massachusetts corporation, had two nominees of his subscribe for a nominal number of shares and himself subscribed for the remainder of the shares personally but never paid any money therefor; that he then caused the Maine corporation to vote to sell its business and assets to him, subject to out-

———

* Of the Superior Court made by *Fessenden,* J., affirming the decision of the Industrial Board.

standing bonds, for a certain sum to be paid for in stock of the Massachusetts corporation, received the stock subscribed for by him from the Massachusetts corporation, issued and delivered about two fifths of this to the Maine corporation for its business and assets, keeping the remaining three fifths, and then caused the Massachusetts corporation to issue bonds to take up at par the bonds of the Maine corporation. The defendant demurred to the bill. *Held*, that upon the allegations of the bill a case was shown where the Massachusetts corporation, for whose benefit the suit was brought, was entitled to relief of some sort, the form of which it was not necessary then to determine.

BILL IN EQUITY, filed in the Superior Court on May 26, 1914, and afterwards amended, by minority stockholders of the Credit Reporting Company of New England, a Massachusetts corporation, for the use and benefit of the corporation, seeking relief from the results of alleged fraud of the defendants as described in the opinion.

The defendants demurred to the bill on the ground that it was multifarious and for want of equity.

The demurrer was heard by *Wait*, J., and an interlocutory decree sustaining the demurrer was made on September 29, 1914. The plaintiffs appealed. On November 13, 1914, a final decree dismissing the bill was entered, notice of which was given to the plaintiffs by the clerk of the court on November 17, 1914. The defendants filed an appeal therefrom on December 5, 1914. In this court the plaintiffs asked under R. L. c. 159, § 28, for leave to appeal.

*G. L. Wilson*, for the plaintiffs.

*J. A. Mahoney*, for the defendants, submitted a brief.

DE COURCY, J. Leave to appeal from the final decree has been granted under R. L. c. 159, § 28, and the parties have argued the case on its merits. See *Boston & Albany Railroad* v. *Commonwealth*, 157 Mass. 68.

The plaintiffs are minority stockholders in the Credit Reporting Company of New England, a Massachusetts corporation, and bring this bill for its use and benefit on the alleged ground that the directors have refused to take action to enforce the rights of the corporation against the defendant William S. Radway, and further that they will take no such action as the defendants are in full and active control of the corporation. *Hill* v. *Murphy*, 212 Mass. 1, 3, and cases cited.

The bill is inartificially drawn. The second paragraph is extraneous; and those numbered 13, 14 and 15 seem to be irrelevant, except as a recital of the dealings between the individual parties. But in substance the bill alleges the following facts: The Credit Reporting Company of New England, a Maine corporation carrying on business in Boston, had an authorized capital of $20,000, divided into two thousand shares of the par value of $10 each. The defendant William S. Radway (hereinafter referred to as the defendant) and his mother Sarah E. Radway owned fourteen hundred and eighty-one shares and were in full and exclusive control of the company, the defendant being treasurer and general manager. It had outstanding $7,900 of twenty-year six per cent bonds, of which $6,300 were held in the name of Sarah E. Radway.

The defendant formed a fraudulent purpose and design to reorganize the corporation in such a way as to leave the stockholders in possession of two fifths of the value of its assets, and to possess himself of the remaining three fifths without paying anything for the same. In pursuance of this fraudulent scheme, on December 8, 1913, he had a corporation organized under the laws of Massachusetts, with an authorized capital of $50,000, divided into five thousand shares of the par value of $10 each, and bearing the same name as that of the Maine corporation. In effecting the organization he associated with him two of his employees, one Perry and one Moore, who acted under his direction and control. Each of these subscribed to ten shares of the capital stock, and the defendant subscribed to the remaining forty-nine hundred and eighty shares by an unqualified and unconditional personal subscription, but never has paid any money therefor. A meeting of the Maine corporation was held on December 21, 1913, and by means of the controlling stock of the defendants Radway it was voted to sell to the defendant (William S. Radway) the business and all the assets, cash and accounts receivable of the (Maine) corporation, subject to its outstanding bonds and other indebtedness, for $19,540, payable in stock of the Massachusetts corporation at par. On December 24, 1913, the defendant caused to be issued to himself an original certificate for forty-nine hundred and eighty shares of the Massachusetts corporation. This he later exchanged for two certificates, one for nineteen hundred and

fifty-five shares, with which to pay the stockholders of the Maine corporation for its assets, in accordance with said vote, and the other for three thousand and twenty-five shares, which he retained for himself. The only consideration received by the Massachusetts corporation for its capital stock of $50,000 was the above mentioned property of the Maine corporation, for which the defendant gave only a portion of that same stock of the par value of $19,540. Subsequently the defendant caused the Massachusetts company to issue its bonds for $7,900, in exchange for the bonds of the Maine corporation, and he had assigned to himself the shares in the Maine corporation which had been exchanged for shares in the Massachusetts company.

These allegations must be considered as true for the purposes of the demurrer. Baldly stated, and considering the substance of the transaction, they charge that the capital stock of a going concern was increased from $20,000 to $50,000, and that the promoter, acting through the machinery of two corporate organizations which he controlled, appropriated the increase of three thousand shares without paying to the corporation any consideration therefor. It needs no discussion to show that the law will permit no such fraud upon the corporation and its stockholders. The well recognized doctrine that a promoter stands in a fiduciary relation toward the corporation, and that he cannot lawfully take a secret profit in the sale to it of his own property, is thoroughly considered and formulated in the recent case of *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 188 Mass. 315; *S. C.* 203 Mass. 159. Plainly the Massachusetts corporation, for whose benefit this suit was brought, is entitled to some relief on the above facts. It is not necessary at this time to determine specifically in what form that relief shall be given.

The decrees of the Superior Court sustaining the demurrer and dismissing the bill are to be reversed, and a decree entered overruling the demurrer.

*Decree accordingly, with costs.*