JOHN VLACANCICH, Respondent, v. EUGENE J. KENNY et al., as Executors of EDWARD W. DITMARS, Deceased, Appellants.

(Argued April 22, 1936; decided May 19, 1936.)

*Frank W. Holmes* and *Augustin S. Hart* for appellants.

*Charles H. Wald* and *Frederick W. Ritter* for respondent.

HUBBS, J. This is an action for an accounting. The appellants' testator, Edward W. Ditmars, was a lawyer. On March 16, 1912, the respondent and Ditmars entered into the following agreement:

" WITNESSETH: That in consideration of Six hundred and two Dollars paid by the said John Vlacancich to the said Edward W. Ditmars, the receipt whereof is hereby acknowledged, it is hereby mutually agreed that the said John Vlacancich is the owner of a *one-third interest of the equity of redemption* in all those certain five lots of land, together with ·the building thereon, situated in the First Ward of the Borough of Queens of the City and State of New York, situated at the north-westerly corner of Camelia and Crescent Streets, and being 150 feet on Camelia Street by 75 feet on Crescent Street.

" It is understood and agreed by and between the parties hereto that the property is subject to the following Mortgages now liens thereon; first Mortgage of $4250

held by the said Edward W. Ditmars, a second Mortgage of $2100, held by John J. Smith and a third Mortgage of $300 held by the said Edward W. Ditmars.

"It is further understood and agreed that whenever the said Edward W. Ditmars shall sell the above described property that of the sum realized from the sale thereof a sum sufficient to pay the above Mortgages namely for $4250, $2100 and $300 shall first be deducted and applied toward the payment of said Mortgages and any sum remaining thereafter shall be divided in the following proportions, that is to say: one-third to the said John Vlacancich and the balance of two-thirds to the said Edward W. Ditmars.

"It is further understood and agreed that all rents received from the above property shall be taken by the said Edward W. Ditmars and applied first to the payment of the interest on the first Mortgage of $4250 and any balance of rent after said payment shall be divided in the following proportions, one-third to said John Vlacancich and two-thirds to said Edward W. Ditmars."

This agreement was subscribed by both parties, acknowledged by them and recorded. In the complaint, respondent alleges that by the terms of the agreement he became the owner of an undivided one-third part of the property; that the property has been sold; that rents had been collected prior to the sale, and that appellants have refused to account to respondent or to pay him his share.

The appellants filed an account which showed a sale of the property for $12,000, and rents received, $2,438.75, a total of $14,438.75. Against the amounts received, the account showed the following expenditures: payments on the three mortgages, $6,650; interest paid on the three mortgages, $4,108.68; taxes, assessments and water rates, $3,766.20; carrying charges, $2,111.95, a total of $16,636.83. The net loss according to the account was $2,198.08.

Respondent admitted the correctness of the account, but disputed the relevancy of it. He contends that the

rents were to be applied toward interest on the first mortgage, and thereafter divided between the parties, and that from the purchase price was to be deducted the principal sum of the three mortgages, and that no other deductions were to be made. After such deduction, he demanded one-third of the balance of the sale price.

The Special Term gave judgment for appellants on their counterclaim for one-third of the net loss. The Appellate Division reversed certain findings of fact, made new findings, and gave judgment for respondent for one-third of the difference between the sale price of the properties and the principal of the mortgages thereon.

It is conceded that the sole question here is the construction of the contract. The instrument provides that the respondent " is the owner of a one-third interest of the equity of redemption " in the property described. In his complaint he alleges that by the terms of the contract he thereby became the owner of an undivided one-third part of said lands. The instrument in question effected a conveyance of an interest in real property (Real Property Law, § 240, subds. 2, 3; Cons. Laws, ch. 50) and the parties thereto became tenants in common of the property. (Id. § 66.) If those words in the contract stood alone, respondent would be chargeable on an accounting for his proportionate share of the taxes, assessments and water rates levied against the property. (*Hannan* v. *Osborn*, 4 Paige, 336; *Minion* v. *Warner*, 238 N. Y. 413; *Ford* v. *Knapp*, 102 N. Y. 135.)

As to the carrying charges, appellants' account states that a large part of the repairs and improvements were made by respondent or procured to be made by him. Since respondent did not dispute the correctness of the account, but elected to proceed upon the theory that he was not liable under the terms of the contract, that concession we take as true. Under such circumstances, one co-tenant is chargeable on accounting for such expenditures. (*Cosgriff* v. *Foss*, 152 N. Y. 104, 108.)

He would likewise be accountable for interest paid on a mortgage against the premises. (Cf. *Howland* v. *Stowe*, [Mass.] 194 N. E. Rep. 888, 891.)

Respondent, however, urges that the contract makes these general rules inapplicable since it makes provision for a different division. This could be accomplished by contract. It remains to be seen whether the contract has that effect. By the last clause of the contract it is agreed that all rents shall be taken by Ditmars and applied first to the interest on the first mortgage and any balance remaining after that payment shall be divided proportionately between the parties. By the preceding clause it is provided that whenever Ditmars shall sell the premises from the sum realized on the sale he shall pay the three mortgages mentioned and divide the balance according to the respective interests of the parties. Having made specific provisions for these payments, respondent argues that such provision was intended as the full measure of his accountability. It is urged by appellants that the last clause of the agreement was added for the purpose of permitting their testator to apply the rents toward the payment of interest on the first mortgage, as otherwise he would have been obligated to use the money toward the payment of taxes and interest on the second mortgage.

The agreement does not expressly relieve the respondent from his legal obligation of sharing the expenses of carrying the property. It does not expressly provide that the appellants' testator should bear the whole burden of carrying the property as though he were the sole owner. There was no necessity for embodying a specific agreement in the writing that respondent should bear his share, as the obligation followed as a matter of law. The parties knew that those items — taxes, interest and carrying charges — would have to be paid before the equity of redemption could be definitely fixed upon the sale.

The mortgages no doubt required the owners to pay taxes and assessments and water charges. The right to have those paid by the owners, the appellants' testator retained by virtue of his ownership of the mortgages. The mortgages had not been merged in the deed of the property. Ditmars might have at any time foreclosed his mortgages in case the interest and taxes had not been paid. He was not only a tenant in common of the property but also a mortgagee holding two mortgages. The agreement provided also " of the sum realized from the sale " of the property " a sum sufficient to pay the [three] mortgages " shall first be deducted and applied towards the payment of said mortgages. The accruing interest on the mortgages was part of the mortgage debt. The mortgagee would have had the right to pay the taxes and add the amount to the amount unpaid on the mortgages. Theoretically, the value of the property would be decreased by the amount due and unpaid and, considerably more, because of penalties under the Tax Law. The amount " realized " on the sale in that event would have been $12,000, the sale price, less the amount of the mortgages with interest and the amount paid out for taxes added.

Ordinarily, taxes and other proper charges against the property would have to be met by contribution between the tenants whether any rents were collected or not. If rents were collected and no charges were then outstanding, the rents and profits would be divided. Where one co-tenant collects the rents from the common property, he may use them in meeting proper charges against the property. (*Hannan* v. *Osborn, supra; Minion* v. *Warner, supra; Ford* v. *Knapp, supra; Howland* v. *Stowe, supra.*)

This is because he is using the rents of the property for the protection of the interests of all tenants in the property. If he were to apply rents collected on an indebtedness due himself, he might be met with the claim that he was protecting no interest of his co-owner. Appel-

lants' testator was a lawyer and it was, no doubt, to obviate any such contention that this last clause was added. By it the parties agree that from the rents collected by him, he can apply such sum as is necessary to meet the interest due on the mortgage owned by him. Interest on the second mortgage, taxes and necessary charges, he could safely pay from the rents received. There was no need to stipulate as to such charges.

Respondent's contention that he was not to share in any of the other carrying charges of the property is weakened by the fact that the taxes outstanding at the time of the agreement and then a lien upon the property were adjusted between the parties and respondent made a payment to Ditmars as his share. The construction placed upon the contract by the respondent is such an unusual construction, and is so contrary to the ordinary result of entering into the relation of tenants in common for the purpose of making profit on the sale of real property, that it cannot be accepted. We have reached the conclusion that the agreement did not have the effect of placing the whole burden of paying interest, taxes and carrying charges on the appellants' testator. We agree with the Special Term that the complaint should be dismissed. However, as there was no agreement by respondent to repay the appellants' testator any part of the money which he paid out for carrying charges over and above the rent received, the appellants' counterclaim for one-third of the net loss must be dismissed. (*Eitingon Schild Co.* v. *Niksal Plaza, Inc.*, 264 N. Y. 547.)

The judgment of the Appellate Division should be reversed and that of the Special Term modified by dismissing appellants' counterclaim and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.