ROBERT MEIER & others *vs.* FIRST CITIZENS BANKERS CORPORATION & others.

Essex.    May 3, October 3, 1938. — October 31, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction*, Suit by minority stockholder of corporation. *Corporation*, Stockholder. *Equity Pleading and Practice*, Requests and rulings, Appeal.

In a suit in equity shown by the bill to be brought by certain stockholders and directors for the benefit of a corporation, an error by the trial judge in sustaining an exception to a refusal of a master to rule that "this suit is brought by the complainants as individuals to redress alleged wrongs done to them as stockholders," was rendered harmless by a final decree based on the suit's being for the benefit of the corporation and by a statement by the judge in a report to this court that such was its character.

In a suit by stockholders and directors for the benefit of a corporation for relief from fraud of the principal stockholder and the majority of directors, the relief sought was not barred by failure by the plaintiffs first to seek it through the directors where it appeared that the plaintiffs believed that such effort would be futile and that such belief was well founded.

BILL IN EQUITY, filed in the Superior Court on August 10, 1935, by plaintiffs who alleged themselves to be stockholders and directors of First Citizens Bankers Corporation and to be bringing the suit "for themselves and such other of the stockholders as care to join and become parties thereto," and sought the appointment of a receiver for the corporation and relief from alleged fraudulent acts toward the corporation by individual defendants.

After the filing of a master's report, the suit was heard by *Williams*, J., who caused the entry of certain decrees and reported the suit to this court.

*J. G. Kelly*, for the defendants.

*J. A. Donovan*, (*J. M. Hargedon* with him,) for the plaintiffs.

LUMMUS, J. This is a bill by certain stockholders of the defendant First Citizens Bankers Corporation, a Massachusetts corporation, which is spoken of as a "bank," but which actually was in the business of making small loans. It has now lost its license to engage in that business. G. L. (Ter. Ed.) c. 140, §§ 96–114.

Eleven of the plaintiffs are directors. But they do not appear to be a majority; the defendants assert that there are twenty-eight directors. The bill is brought, as the judge said, "for the benefit of the bank alleging that the Comerford defendants, who are officers of the bank, irregularly organized the bank and mismanaged the bank for their own benefit by creating certain fraudulent indebtedness from the bank to themselves with prayers for the cancellation of such indebtedness, the appointment of a receiver, the liquidation of the bank and such other relief as may seem proper." The main defences are two, (1) that the individual defendants did not wrong the corporation, and (2) that the plaintiffs show no right to vindicate the rights of the corporation by suit in their own names. After confirming by interlocutory decree on December 20, 1937, the report of a master, with a small variation, the judge entered on the same day another so called "interlocutory decree" (see *Kingsley* v. *Fall River*, 280 Mass. 395, 399–400) ordering the cancellation of one thousand six hundred ninety-eight

shares of Class B common stock standing in the name of the defendant Charles J. Comerford. He then reported the case, in order to present to this court the question of the propriety of these decrees.

The material facts shown by the master's report may be stated briefly. The plaintiffs are people of German extraction, unacquainted with corporate management, who were induced to become stockholders and in some instances directors, by Charles J. Comerford, who was the promoter and president. He invested nothing. The other officers, except the plaintiffs, have always been his tools. He has dictated every act of the corporation from the beginning, and has exploited it for his personal gain. The voting power resides exclusively in the two thousand shares of Class B common management stock, of which he holds or controls one thousand six hundred ninety-eight shares, which were issued without actual consideration. The corporation appears to be entitled to a remedy by cancellation of these shares. *Keith* v. *Radway*, 220 Mass. 532. *Young* v. *Titcomb*, 268 Mass. 14, 19–20. *H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350, 353–354. *Daniels* v. *Briggs*, 279 Mass. 87. *Black* v. *Taft*, 284 Mass. 77. The decree provided that remedy. But Comerford was found to be a creditor of the corporation in the sum of $1,220.09, and the decree ordered the temporary receiver of the corporation appointed in this case to pay him that amount out of the assets upon his surrender of the one thousand six hundred ninety-eight shares for cancellation.

The judge sustained an exception to the master's report, for that the master failed to give a requested ruling that "this suit is brought by the complainants as individuals to redress alleged wrongs done to them as stockholders." The judge thus impliedly ruled that the suit is of that nature. Consequently, the defendants contend, the bill should be dismissed. See *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589. But the judge did not follow his own ruling, either in his description of the suit quoted near the beginning of this opinion, or in the decree which gave relief based on the right of the corporation. *Converse* v. *United Shoe Machinery Co.*

209 Mass. 539. *Hirshberg* v. *Appel,* 266 Mass. 98, 100. *Baker* v. *Allen,* 292 Mass. 169, 172. Both the judge and the master might well have ignored the request, for the character of the bill was to be determined by inspection. The request involved no separation of law from fact, and therefore was useless. The error in dealing with it was harmless. *Howland* v. *Stowe,* 290 Mass. 142, 146.

The master found that the plaintiffs did not seek relief through the board of directors because they believed that any effort would be futile. The master finds that their belief was well founded. They were properly allowed in this suit to vindicate the rights of the corporation. *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, 498. *Daniels* v. *Briggs,* 279 Mass. 87, 92. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 434.

*Decrees affirmed.*