L. Bakbon Hill, J.
Plaintiff and defendants are the owners of a certain parcel of real property as tenants in common. The premises are subject to a purchase-money mortgage in the sum of $155,421.95, with interest at 4%%, payable semiannually. The mortgage contains the following clause: ‘ ‘ The mortgagee agrees that he will not hold the mortgagors personally liable for the debt herein secured but will look for said debt to the security of the land in the event of default.”
At the time of the purchase on December 29, 1955, and subsequently, each of the three parties paid their proportionate share of expenses and carrying charges. By June of 1957 the defendants came to the conclusion that they no longer desired to carry the property and so notified the plaintiff.
Plaintiff, alone, paid the interest payment due on the mortgage in June, 1957, and then commenced this action to partition the premises. In his prayer for relief, plaintiff prays that the premises be sold, if actual partition cannot be accomplished, free and clear of all liens and incumbrances, that the proceeds be used to satisfy the mortgage and that a deficiency judgment be rendered against the defendants, if necessary, for their proportionate share of the mortgage interest and any other payments which he might make for which there should be contribution.
The defendant, Isaacson, has defaulted. The defendant, Katz, has answered, joined in the request for partition and sale and strenuously resisted any provision for a deficiency or personal judgment against him.
At the outset, Katz concedes that plaintiff is entitled to a contribution from him for his share of the interest payment on the mortgage but limited to a charge only against his interest in the premises. Katz maintains that if his interest in the premises is insufficient to satisfy the amount owed to plaintiff for the interest payment, he cannot be held personally liable for any such sum.
Counsel on both sides have briefed the point extensively but no clear-cut determination has been submitted or ascertained by the court’s own research. The recent annotation in the American Law Reports (48 A. L. R. 2d 1305-1339) contains no New York case directly passing on the question of a personal judgment in the absence of any specific agreement for contribution.
*1016 Plaintiff has attempted to establish an agreement between the parties to pay a proportionate share of all carrying charges. The alleged agreement is oral and defendant, Katz, has raised as a defense the Statute of Frauds on the ground that the agreement (a) was not to be performed within a year, and (b) creates an interest in real property.
Without determining the validity of defendant’s defenses as a matter of law, I am of the opinion that plaintiff has failed to establish such an agreement. While there obviously was an understanding that the parties would proportionately pay the carrying charges, in accordance with the universally accepted rule of law, there never was any meeting of minds that the parties were to reimburse any one of them who might pay more than his proportionate share should any one party decide he no longer wanted to contribute.
If, then, plaintiff is to obtain a deficiency judgment of a personal nature against defendants, he must establish his right to a contribution enforcible by a personal judgment as a matter of law.
In Zviebel v. Benowitz (125 N. Y. S. 811, 813) it is unequivocally stated, as dicta, that a tenant in common has an equitable action for contribution against a tenant in common who does not pay his proportionate share of interest. Of a similar nature is Howland v. Stowe (290 Mass. 142, citeql with approval in Vlacancich v. Kenny, 271 N. Y. 164, 169; McCready v. Van Antwerp, 24 Hun 322).
On the other hand, a contrary result is indicated by Vlacancich v. Kenny (supra), Schild Co. v. Plaza (264 N. Y. 547), Wilson v. Sanger (57 App. Div. 323), and Grabusch v. Jurgens (51 N. Y. S. 2d 501).
The law in other jurisdictions is summarized as follows (48 A. L. R. 2d 1305, 1335-1336): “ Whether a co tenant’s right to contribution * * * gives rise to personal liability on the part of the delinquent cotenant and is enforceable by a personal judgment against the latter is a question which, in the absence of any agreement between the cotenants, and of any circumstances which clearly establish that the paying cotenant must necessarily have been authorized to act for the other, ordinarily depends upon whether the delinquent co tenant, at the time of the payment, was personally liable for the debt paid by the cotenant entitled to contribution.”
To my mind, the dicta found in Wilson v. Sanger (57 App. Div. 323, 326, supra) is persuasive and should be applied to the instant factual situation: “ There is lacking here every essential *1017 element which is needed to create the right to equitable contribution. If at first sight there appears to be a moral obligation here, the complete answer to that is contained in the maxim ‘requitas sequitur legem.’ The other owners of undivided interests may not, for many good reasons, wish the tax levied upon their interests paid. They may, for instance, believe the land not worth the taxes assessed, and since there is no legal obligation bearing upon them personally, may prefer that their interest in the lands be sold. This imposes no hardship upon any owner of an undivided interest who wishes to protect his interest, as we have seen.” (Emphasis supplied.)
Here, the defendants are not personally liable to pay the mortgage principal or interest. It is clear that they no longer consider the property an investment on which they wish to spend more money; plaintiff apparently thinks otherwise. Plaintiff is not without a remedy; he is entitled to maintain this action for partition and to be repaid out of defendants’ interest in the premises their share of the mortgage interest which he has paid. If a deficiency results on the sale it may be unfortunate, as far as plaintiff is concerned, but at the same time defendants will be thereby established as financiers of greater acumen.
I can find nothing in Zviebel v. Benowitz (supra), Howland v. Stowe (supra) or McCready v. Van Antwerp (supra) which is contrary to a holding that a personal judgment will not be entered against a tenant in common for a contribution owed by him to cotenant, in the absence of a specific agreement, where the tenant is not personally liable for the payment made on his behalf by the cotenant. I, therefore, conclude that there can be no deficiency judgment in this action against the defendants.
The foregoing constitutes the decision of this court in accordance with the applicable provisions of the Civil Practice Act.
Settle an interlocutory judgment providing for the sale of the property or the appointment of commissioners in accordance with section 1024 of the Civil Practice Act, and the appointment of a Referee, in accordance with section 1038 of the Civil Practice Act.